243 So.2d 635 (1971)
STATE of Florida, Appellant,
v.
William GIESY, Appellee.
STATE of Florida, Appellant,
v.
Robert C. LYONS, Appellee.
Nos. 70-575, 70-576.
District Court of Appeal of Florida, Fourth District.
February 5, 1971.
Robert L. Shevin, Atty. Gen., Tallahassee, and Rodney Durrance, Jr., Asst. Atty., Gen., West Palm Beach, for appellant.
Walter N. Colbath, Jr., Public Defender, and Alan R. Parlapiano, Asst. Public Defender, West Palm Beach, for appellees.
OWEN, Judge.
These two cases involve identical facts and were consolidated on appeal. In each case the order appealed had dismissed an information charging aggravated assault, the order of dismissal indicating that it was entered pursuant to Rule 1.190(c)(4) *636 CrPR, 33 F.S.A., because the undisputed facts did not establish a prima facie case of guilt against the defendant.
Although the respective motions to dismiss purported to be filed pursuant to Rule 1.190(c) (4) CrPR, it is manifest that each sought to establish the affirmative defense of former jeopardy. The affidavit which each defendant filed in support of his motion to dismiss stated that such defendant had theretofore been convicted in the Municipal Court of the City of Melbourne of the offense of malicious destruction of private property, and that such conviction was based upon the same acts or episode which gave rise to the filing of the information for aggravated assault. These facts were deemed admitted when the state failed to file a traverse under oath specifically denying them. Rule 1.190 (d) CrPR. There was no evidence submitted other than these admitted facts.
The state contends that the order of dismissal in each case was based upon the court's erroneous determination that the prior municipal conviction amounted to former jeopardy. We agree that this was the basis upon which the court entered the order of dismissal, and we agree with the state that the prior municipal conviction did not constitute former jeopardy so as to bar prosecution for the substantive offense of aggravated assault as charged in the information. See State v. Conrad, Fourth District Court of Appeal, 243 So.2d 174, opinion filed January 27, 1971.
Appellees contend that the order dismissing the information in each case was not based upon a finding of former jeopardy (although this was clearly the only defense set up in the motion to dismiss) but was mandatorily required by Rule 1.190(c) (4) CrPR because the state, having failed to traverse the motion to dismiss, had thereby failed to establish any prima facie evidence of guilt of the crime charged in the information. The contention made by appellees gives us concern that there may be some misconception among the members of the bar as to the purpose and effect of Rule 1.190(c) (4) CrPR, which is relatively new.
The purpose of the rule, according to both the Committee Note and Authors' Comment as found in 33 F.S.A. 165, et seq., is to permit a pretrial determination of the law of the case where the facts are not in dispute, in a sense somewhat similar to summary judgment proceedings in civil cases (except that a dismissal under the rule is not a bar to a subsequent prosecution). It is not intended to be a trial by affidavit, nor a dry run of a trial on the merits. Neither is it intended as some type of "fishing expedition" to force the prosecution to come forward with enough evidence to establish a prima facie case, because for the purpose of this motion the sworn information itself, so long as its material allegations are not disputed by the sworn motion, is sufficient for that purpose. The defendant who expects to obtain relief under this rule simply brings to the attention of the court by the sworn motion (and by other evidence if permited by the court) all of the material facts relevant to the charge against him which he conceives to be undisputed. Of necessity the factual matters must be of such a nature that, if true, they would exonerate the defendant of the charge laid in the information, as otherwise consideration of the motion would be an exercise in futility for the court. The effect of the state's failure to specifically deny by traverse under oath some material fact alleged in the motion to dismiss is simply that the fact is considered admitted by the state and nothing more. If those undisputed facts then establish a valid defense, whether it be an affirmative defense or whether it be by negating an essential element of the charge, the motion should be sustained. If the admitted facts do not have this legal effect, or if the court finds that a material fact is in dispute, the motion should be denied. Appellees' contention (that the state's failure to traverse the factual allegations *637 of the motion to dismiss necessarily leaves the court with no alternative but to grant the motion) is not correct.
The order dismissing the information in each case is reversed and these causes are severally remanded for further proceedings.
WALDEN and MAGER, JJ., concur.