288 So.2d 271 (1974)
Bessie Mae McGUIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 72-1170.
District Court of Appeal of Florida, Fourth District.
January 18, 1974.
*272 Richard L. Jorandby, Public Defender, and Norman J. Kapner, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is an appeal from convictions of breaking and entering with intent to commit a felony and grand larceny. The error complained of below has to do with the court's failure to instruct the jury on lesser included offenses, and to direct a verdict due to insufficiency of the evidence. The first point was not properly preserved for appellate review, and the court's defalcation, if such it be, was induced by counsel for the defendant.
The main thrust of appellant's second point is that the evidence of guilt was circumstantial and it was consistent with a reasonable hypothesis of innocence. We agree.
The evidence presented to the jury showed that appellant's fourteen year old son asked her to drive him over to the Lutheran Church to pick up a lawnmower which he had bought. The boy had worked at the church property on previous occasions. He told his mother he had been instructed to break the lock on the shed because the key had been lost. Appellant drove her son to the church property in her station wagon about 11:00 a.m., he broke the lock, pushed the lawnmower into the car and they departed.
The state called the son as a state's witness and he testified that his mother had asked him if he "was sure he was supposed to do this". When he broke the lock, the son testified she said: "You know it's wrong". But the son as a state's witness unequivocally testified that his mother did not know he was stealing the mower. Appellant's daughter also testified that the son told her either that he had bought the mower or it was given to him, she wasn't sure which it was.
Finally, the evidence showed that appellant and son went to the church property at 11:00 a.m.; there were people at and around the church, not far from the shed in question. There was nothing surreptitious about the circumstance of picking up the mower. Thus, it is apparent that the proof of intent to commit the crimes in question is circumstantial. In such a case the evidence must exclude every reasonable hypothesis except guilt of the accused. Williams v. State, Fla.App. 1968, 206 So.2d 446; Lockett v. State, Fla.App. 1972, 262 So.2d 253. It is our view that although the evidence may raise a suspicion of appellant's guilt, it certainly cannot be said to exclude every reasonable hypothesis of innocence.
Accordingly, the judgment of conviction is reversed and the cause is remanded with directions to discharge the appellant.
Reversed.
OWEN, C.J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.