293 So.2d 114 (1974)
Leonard J. CAMP, Appellant,
v.
STATE of Florida, Appellee.
No. 73-964.
District Court of Appeal of Florida, Fourth District.
April 19, 1974.
Rehearing Denied May 8, 1974.
Joel Hirschhorn, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
MAGER, Judge.
Upon review of the record on appeal, and after a careful consideration of the briefs of the parties and oral argument, we are of the opinion that the trial court erred in denying defendant's motion to dismiss the information.[1]
Defendant, who was charged with the possession of narcotic drugs and barbiturates, filed a motion to dismiss the information pursuant to Rule 3.190(c)(4), F.R. Cr.P., 33 F.S.A. The cited rule provides, inter alia, that the court may at any time entertain a motion to dismiss on the ground:
"(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to."
Defendant's sworn motion alleged that the defendant did not have knowledge that the narcotics were on his premises nor did the defendant exercise exclusive control over the premises. Paragraph (d) of Rule 3.190, which permits the state to traverse or *115 demur to a motion to dismiss, provides, inter alia, that: "Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse".
In the case sub judice the state failed to file a motion to traverse. Accordingly, under the clear and plain language of the rule, defendant's factual allegations of lack of knowledge of the presence of the drugs on his premises are deemed admitted.[2] As this court pointed out in State v. Giesy, Fla.App. 1971, 243 So.2d 635, 636:
"... Of necessity the factual matters must be of such a nature that, if true, they would exonerate the defendant of the charge laid in the information, as otherwise consideration of the motion would be an exercise in futility for the court. The effect of the state's failure to specifically deny by traverse under oath some material fact alleged in the motion to dismiss is simply that the fact is considered admitted by the state and nothing more. If those undisputed facts then establish a valid defense, whether it be an affirmative defense or whether it be by negating an essential element of the charge, the motion should be sustained... ."
It is unquestioned that "before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others". Frank v. State, 199 So.2d 117 (Fla.App. 1967), and Kirtley v. State, Fla.App. 1971, 245 So.2d 282. The material allegation in the information, i.e. possession, was disputed by the defendant's sworn motion sufficiently, so as to overcome the prima facie case established by the information; and unless traversed by the state in accordance with Rule 3.190(d), the factual matters contained in defendant's motion were admitted; became "undisputed"; and established a valid defense to the charge.
The purpose of Rule 3.190(c)(4) is fully discussed in State v. Giesy, supra, in the Committee Note and Author's Comment as found in 33 F.S.A. p. 165 et seq., and in 9 Fla.Jur., Criminal Law, Sections 367-70.
Under the facts and circumstances of the case sub judice the state's failure to traverse the factual allegations of defendant's motion to dismiss left the court with no alternative but to grant the motion. See f.n. 2, supra. To the extent that such motion was denied, the trial court was in error and the judgment and sentence appealed from must be reversed with the directions that the defendant's motion to dismiss be granted.[3] A contrary disposition would render this part of the rule meaningless; it would be tantamount to disregarding the purpose thereof and sanctioning a noncompliance therewith.
Reversed, with directions.
WALDEN and DOWNEY, JJ., concur.
NOTES
[1] We have also carefully considered the other contentions of the defendant and find them to be without merit. We predicate our reversal solely upon the basis set forth herein.
[2] It appears that the State could very simply have overcome the factual allegations contained in defendant's motion to dismiss by complying with the following: "A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the state files a traverse which denies under oath a material fact alleged in the motion to dismiss."
[3] It should be pointed out however that a dismissal under the rule is not a bar to a subsequent prosecution. State v. Giesy, Fla. App. 1971, 243 So.2d 635; 9 Fla.Jur., supra, sec. 370.