OWEN, Judge.
Appellee charged with attempted robbery and aggravated assault, filed a motion to dismiss pursuant to Rule 3.190(c)(4) RCrP on the basis that the State’s case consisted solely of circumstantial evidence and did not exclude every reasonable hypothesis of innocence. The court, relying upon Lockett v. State, 262 So.2d 253 (4th DCA Fla.1972) ; Douglas v. State, 214 So.2d 653 (3rd DCA Fla.1968); Williams v. State, 206 So.2d 446 (4th DCA Fla.1968); and McGuire v. State, 288 So.2d 271 (4th DCA Fla.1974), entered an order dismissing the information.
The charge rose out of an attempted robbery of and assault upon the desk clerk of the Carolina Moon Motel. Appellee had earlier entered the office of the motel and asked the victim if she had a room for three. Upon receiving an affirmative response, appellant left the premises to “talk to the fellows.” A short time later appellee was observed on the sidewalk outside the motel looking down the street and gesturing with his head and still later he was observed on the street walking back and forth in front of the motel office. A short time later appellee and two other men drove up to the motel in an automobile from which appellee and one of the men emerged and walked into the motel office then occupied by the desk clerk. Appellee’s companion pointed a gun at the desk clerk while ap-pellee watched. When the desk clerk tried to move away, appellee’s companion pursued her and struck her with the pistol inflicting serious injuries upon her. He then demanded money but abruptly left the premises when a gas truck drove up to the motel. Appellee watched but did not participate or speak. His sworn motion to dismiss alleged that he did not have a weapon, did not touch the victim nor make any attempt to strike her, did not say a word, and did not know, prior to hearing the desk clerk screaming, that the other man present in the office was going to attempt to rob the clerk or that the man had a gun, and that when the clerk started to scream ap-pellee walked out of the office.
It is clear that the court, in dismissing the information against appellee, accepted as true the assertion in his sworn motion to dismiss that he “did not know that the other man present in the office at the time was going to rob the office or that the man had a gun.” While appellee’s self-serving expression relating to his subjective knowledge was not categorically denied by the traverse (nor could it have been), it was clearly traversed by factual allegations from which the trier of fact could reasonably and fairly infer that appellee did have prior knowledge of his companion’s possession of the gun and his intention to use it in commission of the robbery. Likewise, the facts set forth in the traverse were such that the trier of fact could fairly and reasonably infer that appellee was aiding and *394 abetting in the perpetration of such crime, which necessarily would carry over into any other crime committed in pursuance of the felonious plan. Under the facts here the case was one which was simply not proper for disposition under Rule 3.190(c) (4) RCrP. See, Camp v. State, 293 So.2d 114 (4th DCA Fla. 1974); State v. West, 262 So.2d 457 (4th DCA Fla.1972); State v. Giesy, 243 So.2d 635 (4th DCA Fla.1971).
The order dismissing the information is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
CROSS and MAGER, JJ., concur.