DOWNEY, Judge
(dissenting).
Appellant James Frank Lewis, J. Milton Crosby, Timothy Turner, and David Blu-menauer had a flat tire in a residential area late one evening. While Blumenauer and Turner were changing the tire Crosby and appellant walked over to a Winnebago camper and a Mustang automobile parked on the street in front of a nearby house.
A witness for the state testified that he observed two of the four individuals walk over to the camper and the Mustang. One of them entered the camper and exited with some object. The other individual was standing by the Mustang with the door open looking in.
Crosby testified that when he started over toward the camper appellant had told him not to take anything. Appellant followed him over to the camper and remonstrated with him. Appellant did not enter either vehicle; he did not participate in any way in the breaking and entering or the larceny. Turner also testified that he heard appellant trying to talk Crosby out of taking anything from the vehicles. Finally, appellant testified that he had not participated with Crosby in the criminal acts charged; in fact he had followed him trying to talk him out of any criminal act.
In summary, the incriminating evidence against appellant is that he was present at the scene of the crime. All of the other evidence either failed to show any participation on appellant’s part or it absolutely refutes his participation.
The case against appellant is circumstantial. Therefore the state had the burden to prove that guilt was the only reasonable hypothesis which could be drawn from the facts presented. If there is a reasonable hypothesis of innocence demonstrated by the proof, the state cannot prevail. McGuire v. State, 288 So.2d 271 (Fla.App. 4th, 1974); Lockett v. State, 262 So.2d 253 (Fla.App. 4th, 1972). In my judgment the *642 facts of this case are much stronger for reversal than those of either of the above cited cases.
Without belaboring the point further, it appears to me this is a clear case for application of the circumstantial evidence rule. A proper application of that rule to these facts requires appellant’s discharge.
Accordingly, the judgment and sentence appealed from should be reversed and upon remand appellant should be discharged.