BOARDMAN, Judge.
Appellant, State of Florida, filed this timely appeal of an order of the trial court granting appellee’s motion to dismiss.
Appellee, Leslie B. Bower, was charged in a one-count information with obtaining property in return for a worthless check in violation of Section 832.05, Florida Statutes.
The information alleges in pertinent part that
LESLIE B. BOWER ... on the 8th day of August . . . did then and there obtain property of value belonging to Pauline and John Maliski, doing business as Pauline’s Catering, by means of the said Leslie B. Bower then and there delivering to Pauline Maliski a certain worthless order for money, commonly called a bank check which check was afterwards presented to the Madeira Beach Bank, Madeira Beach, Florida for payment and payment thereof was refused for the reason that the said Leslie B. Bower did not have sufficient funds in said bank wherewith to pay said check upon presentation; that at the time of the delivery as aforesaid of the said bank check, the said Leslie B. Bower knew that she did not have sufficient funds on deposit in or credit with said bank with which to pay the same upon presentation; contrary to Chapter 832.05, Florida Statutes. .
The applicable statute states in pertinent part that
[i]t shall be unlawful for any person, firm or corporation to draw, make, utter, issue or deliver to another any check, draft, or other written order on any bank or depository for the payment of money or its equivalent, knowing at the time of the drawing, making, uttering, issuing or delivering such check or draft that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same on presentation . [Section 832.05(2)(a)]
The information sufficiently apprises appel-lee of the offense with which she is charged as required by Fla.R.Crim.P. 3.140(d).
Appellee filed a sworn motion to dismiss attacking the information. In its disposition of a Fla.R.Crim.P. 3.190(c)(4) motion to dismiss the trial court is not restricted to a reading of the four corners of the charging instrument but may also consider the allegations presented by the motion. See State v. Giesy, 243 So.2d 635 (Fla.4th DCA 1971). The motion stated
[t]hat upon delivery of the check on August 8, 1975 by the defendant she had *218 sufficient funds in her bank, the Bank of Madeira Beach, to cover the said check. 3. That when the check was presented to the Madeira Beach Bank on August 12, 1975 for payment by the payee there were sufficient funds in the defendant’s account to cover the check.
4. That the check was returned on August 12,1975 by the defendant’s bank due to an improper endorsement by the payee.
5. That the check was again presented to the Madeira Beach Bank on August 18, 1975 for payment and, at this time, the check was returned because of insufficient funds.
WHEREFORE, there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant for the above-styled charge.
The state pursuant to Fla.R.Crim.P. 3.190(d) responded to the motion by filing a demurrer which alleged
that the facts and other matters alleged as grounds in support of the said Motion, and each and every count or part thereof, are irrelevant, immaterial or not sufficient in law to constitute lawful grounds for dismissal of this cause.
After a hearing the trial judge granted appellee’s motion to dismiss.
The sole question presented here is whether the trial court erred in dismissing this information. We hold that it was error. Withdrawal of the funds necessary for payment of a check within a reasonable time after negotiation of that check is pri-ma facie evidence of knowledge of insufficient funds.
[A]s against the maker of drawer thereof, the withdrawing from deposit with the drawee named in the check, draft or other written order, the funds on deposit with such drawee necessary to insure payment of said check, draft or other written order upon presentation within a reasonable time after negotiation . shall be prima facie evidence of knowledge of insufficient funds in or credit with such drawee .
[Section 832.05(6), Florida Statutes].
Fla.R.Crim.P. 3.190(c)(4) states that the court may entertain a motion to dismiss where
[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
Appellee did not overcome the statutory presumption of knowledge of insufficient funds because she failed to establish by undisputed facts that she did not deplete her account within a reasonable time after negotiation of the August 8 check. Furthermore the state attorney argued that he had evidence to show that after August 13 there would not have been sufficient funds to cover the check. The court accepted the state’s proffer of this evidence.
Accordingly the order is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
McNULTY, C. J., and GRIMES, J., concur.