ERVIN, Judge,
Dissenting.
Without addressing the merits of appellant’s motion to dismiss, the majority concludes that Wright failed to preserve the denial of his motion because he did not move to dismiss the amended information. I feel that this is an overly technical and strained interpretation of the facts. Following remand, and after the state filed its information for second degree murder, Wright moved, pursuant to Fla.R.Crim.P. 3.190(c)(4), to dismiss the information on the ground that there did not exist any material disputed facts and that the undisputed facts did not establish a prima facie case of guilt. The motion referred also to the record in the prior case and represented there were no additional facts. It concluded with the statement that the evidence “as viewed most favorably to the prosecution did not show beyond a reasonable doubt that there was a criminal killing.”
The purpose of a Rule 3.190(c)(4) motion is “to permit a pretrial determination of the law of the case where the facts are not in dispute, in a sense somewhat similar to summary judgment proceedings in civil cases . . ..” State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971). If the state wishes to avoid the effect of such motion, it *240 is required to traverse it by denying any of the material facts alleged, Rule 3.190(d), or by presenting additional facts. Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA 1977). Moreover, when the burden of proof shifts to the state, the state’s failure to file a traverse will mandate the granting of the motion. Camp v. State, 293 So.2d 114 (Fla. 4th DCA 1974); Ellis v. State, supra. Here the state neither traversed Wright’s motion nor did it offer additional evidence. It in fact stipulated it had no other evidence than that introduced at the previous trial. It was therefore bound by the evidence received at the prior trial against Wright.
It cannot logically be contended that appellant has not preserved his right to appeal the denial of the motion to dismiss the amended information because he failed to refile it on the same day the amended information was filed. When viewed within the context of all the trial proceedings, it would be less than fair to say the court, when entering its order of denial, did not consider that Wright’s motion to dismiss applied also to the amended information. The motion was couched in language such that it clearly would have applied to any unlawful homicide, including manslaughter. The record of the proceedings held on Tuesday, April 3, 1978, the same day the amended information was filed, shows that at the outset of the arraignment the court advised defense counsel it had on the preceding Friday, March 31, denied the motion to dismiss but that it would enter a written order of denial later. Following the acceptance of the plea of nolo contendere, defense counsel stated that he was reserving both the right to appeal from any finding by the court that the evidence was sufficient to support the plea and “from the court’s order denying the C-4 motion that the court just announced.” I fail to see that the point has not been raised and feel that it should be appropriately addressed on its merits.
As to the merits, Wright argues that the lower court’s denial of his motion to dismiss and its imposition of guilt was violative of the law of the case previously decided by this court. I agree. In the prior opinion, we stated:
Appellant was the only eyewitness to the death of his wife. His version of the events, if true, would not establish criminal intent, and the other circumstances do not show beyond a reasonable doubt that there was a criminal killing. Under these circumstances, the law is that the appellant’s story must be accepted. Id. at 31. (e. s.)
The opinion also observed that in Driggers v. State, 164 So.2d 200 (Fla.1964), a conviction was reversed after the Supreme Court concluded that all the evidence was as consistent with the defendant’s version of the tragedy and with his innocence as it was with his guilt, and the Wright opinion continued, “so it is here.” Id. at 31. When the state elected not to present any additional evidence against Wright, its case was then reduced to evidence which had already been reviewed by us and had been found insufficient to support a conviction for any unlawful homicide. The state was thereupon bound by the principle of the law of the case and it was barred from again prosecuting him on the same evidence.
By law of the case it is meant that the question of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceeding. 3 Fla.Jur.2d, Appellate Review, § 414. The treatise continues:
[WJhere the evidence on a second trial is substantially the same as that received on the first trial, the appellate court, on the second appeal, is bound by its decision on the first appeal that the evidence was sufficiently substantial to prove an issue and will not disturb the ruling of the trial judge on the sufficiency of the evidence to support the verdict rendered on the second trial. Similarly, where a case has been reversed in order to allow the plaintiff an opportunity to produce sufficient legal evidence to establish his claim but the appellate court has also held that the evidence given at the first trial was insufficient as a matter of law, where such evidence, on remand and retrial, is sub *241 stantially the same as in the prior adjudication, the trial judge is correct in entering summary judgment for the defendant. 3 Fla.Jur.2d, Appellate Review, § 426 at 582-583.
The doctrine of the law of the case does not extend to mere dicta or to matters not raised or considered in the prior appeal. 3 Fla.Jur.2d, Appellate Review, § 421. In other words, the rule of the law of the case can be applied only to questions actually or impliedly presented to and decided by the reviewing court. King v. Citizens and Southern Nat. Bank, 119 So.2d 67 (Fla. 3d DCA 1960). Obiter dictum is language quoted in an opinion which is not essential to a decision of the case. Pell v. State, 97 Fla. 650, 122 So. 110 (1929); State v. Florida State Improve. Com., 60 So.2d 747 (Fla.1952). However, a statement in a decision will not be regarded as mere dicta if the statement was necessary to the disposition of the case. Therrell v. Reilly, 111 Fla. 805, 151 So. 305 (1932).
In the prior case the court was presented two questions to resolve: (1) The insufficiency of the evidence, and (2) the non-relevancy of the expert’s testimony pertaining to the decedent’s cause of death. While our opinion focused primarily upon the latter question, it nevertheless addressed the former. Two or more questions properly raised in a case under the pleadings or proof may be determined, even though either would dispose of the case on its merits, and neither holding is considered dictum so long as it is properly raised, considered and determined. Parsons v. Federal Realty Corp., 105 Fla. 105, 143 So. 912 (1931). Thus a ruling in a ease fully considered and decided by an appellate court is not dictum merely because it was not necessary, on account of a conclusion reached upon one question, to consider another question, the decision of which would have controlled the judgment. Id.
As previously noted, the language used in the earlier opinion was not restricted only to the offense of first degree murder. It stated also that the circumstances did not show beyond a reasonable doubt that there was a criminal killing. Certainly a criminal killing may include manslaughter, which is neither justifiable or excusable homicide. This court had the authority, if it determined the evidence did not support first degree murder but did support a finding of guilt for a lesser statutory degree of the offense or a lesser included offense, to reverse the judgment and direct the trial court to enter judgment for a lesser degree of the offense or a lesser included offense. Section 924.34, Fla.Stat. (1977). It must have concluded that the evidence then before it was not sufficient to find defendant guilty of either the stated offense or of any lesser included offense. By remanding for new trial, it implicitly allowed the state to present additional evidence, if it chose, to support a charge of unlawful homicide. The state, however, elected not to offer new evidence. The state is now bound by the law of the case established in the first appeal, whether correct on general principles or not, so long as the facts on which the decision was predicated continue to be the facts of this case. 3 Fla.Jur.2d, Appellate Review, § 414, p. 566.
I differ also with the majority that Wright’s second point, urging there was no factual basis for the acceptance of the nolo plea, was not preserved. Fla.R.Crim.P. 3.172(a) requires that the trial judge shall satisfy himself that there is factual basis for the plea. Moreover, Rule 3.170(j) provides that no plea of guilty and nolo conten-dere shall be accepted by the court without first determining that there is a factual basis for the plea. In interpreting the latter rule, the Florida Supreme Court stated that it is the trial court’s responsibility “to insure that the facts of the case fit the offense with which the defendant is charged.” Williams v. State, 316 So.2d 267, 271 (Fla.1975). Relief is permitted to a defendant only where there is a showing of prejudice or manifest injustice. Id.
In my opinion, the facts cry out for relief here. Defense counsel advised the court that Wright was entering his plea of nolo contendere to manslaughter with the express understanding that the court would *242 determine whether there was a legal basis for the plea by considering the transcript of the record in the prior case. The arraignment colloquy concluded with defense counsel’s statement that he was reserving “the right to appeal from any finding as to the sufficiency of the evidence to justify the plea. . . . ” There clearly could not be a factual basis in support of the plea of nolo contendere to manslaughter, given our prior opinion in Wright v. State, supra, and the failure of the state to present any additional evidence against Wright after remand.
I would reverse the lower court’s judgment of conviction and its order denying the motion to dismiss, with directions that Wright be discharged from further custody.