403 So.2d 566 (1981)
The STATE of Florida, Appellant,
v.
James McQUAY, Alfred Cunningham, Michael Shipman, Antonio Allen a/k/a Torrence Allen and Richard Allen Bowe, Appellees.
No. 80-2010.
District Court of Appeal of Florida, Third District.
September 8, 1981.
*567 Jim Smith, Atty. Gen. and Alan T. Lipson, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, Eugene F. Zenobi, Miami, for appellees.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
BARKDULL, Judge.
The State appeals from an order granting the sworn motions to dismiss of the defendants, James McQuay, Alfred Cunningham, Michael Shipman, Antonio Allen, and Richard Bowe.
At about 5:00 A.M. on July 17, 1980, the victim, Deborah Carter (a Dade County school bus driver), was driving her bus northbound on N.W. 22nd Avenue, Miami, when she exited her bus to remove certain obstructions in the street. At this time, approximately ten males (including the present defendants), who were carrying bats and knives and one of whom was brandishing a pistol, boarded the empty bus and told the victim to take them to 84th Street. After traveling about one and one-half blocks, two of the group got off the bus, and after a total of about thirteen blocks of travel the bus approached a police roadblock (due to recent riots there was a curfew in effect). After coming to a stop, the victim ran off the bus and those on the bus were ordered off and were arrested. Upon searching the bus, a pistol, two knives and a baseball bat were found. Thereafter, the defendants were charged with burglary of a conveyance, kidnapping, aggravated assault, unlawful possession of a firearm while engaged in a criminal offense, and the unlawful possession of weapons while engaged in a criminal offense.
Pursuant to a motion to dismiss all charges for failure to establish a prima facie case filed by defendant Bowe, all other defendants subsequently adopted Bowe's motion and the State thereupon filed traverses to the motions and a demurrer. Following a hearing, the trial judge entered an order dismissing the possession and aggravated assault counts, reducing the burglary of a conveyance count to a second degree felony, and reducing the kidnapping count to false imprisonment. Following the trial court's rulings (reducing and dismissing certain counts), the State has filed this appeal.
A motion to dismiss should be granted only where the most favorable construction to the State would not establish a prima facie case of guilt. See: State v. *568 Smith, 348 So.2d 637 (Fla.2d DCA 1977). And if there is any evidence upon which a reasonable jury could find guilt, such a motion must be denied. See: State v. Hires, 372 So.2d 183 (Fla.2d DCA 1979). If the State files a traverse specifically denying under oath a material fact alleged in the motion, a denial of the motion is required. See: Fla.R.Crim.P. 3.190(d), and State v. J.T.S., 373 So.2d 418 (Fla.2d DCA 1979).
We find no error in the reducing of the burglary charge, a life felony (Count I), to a charge of burglary of a conveyance while occupied, a second degree felony.
It was error to reduce the charge of kidnapping (Count II) to a charge of false imprisonment. Although the defendants argued that the confinement was of a minimal duration and that the kidnapping could not be said to have facilitated the burglary, nonetheless the record in the present case supports the State's traverse which alleged that the confinement was not of a minimal duration and that without the restraint and threat to the victim the burglary of the alleged conveyance could not have been completed. See: Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980).
It was error to dismiss the charge of aggravated assault (Count III). The State's traverse specifically discounted the defendants' position that the victim had not been placed in a well-founded fear of bodily injury and that there was no use or involvement of a deadly weapon. See: State v. Guyton, 331 So.2d 392 (Fla. 4th DCA 1976).
It was error to dismiss the charges of the display of a firearm while committing a felony (Count IV), and the display of a weapon while committing a felony (Count V). Simply because the victim and the police could not identify which of the defendants had actual possession of the firearm and weapons (because it was dark and most of the defendants had bandages on their faces), is an insufficient ground for dismissal. The defendants are still aiders and abettors and can be convicted under Sections 790.07(1) and (2); 777.011, Florida Statutes (1979). See: Norris v. State, 360 So.2d 476 (Fla.3d DCA 1978), which holds that a defendant may be convicted for the unlawful display of a firearm while committing a felony as an aider and abettor, where the only evidence shows that the firearm was possessed by a coperpetrator. In addition, these two counts alleged that someone in the group displayed the firearms and other weapons and, accordingly, because the defendants were part of that group the State has made out a prima facie case of guilt.
The order under review is affirmed in part, and reversed in part with directions to reinstate the counts in accordance with this opinion.
Affirmed in part; reversed in part with directions.