283 So.2d 126 (1973)
STATE of Florida, Appellant,
v.
Anthony DE JERINETT, Appellee.
Nos. 72-975 and 72-1014.
District Court of Appeal of Florida, Second District.
September 19, 1973.
Rehearing Denied October 17, 1973.
Robert L. Shevin, Atty. Gen., Tallahassee, and John J. Blair, State's Atty., and Richard W. Seymour, Asst. State's Atty., Bradenton, for appellant.
Gerald C. Surfus, Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellee.
PER CURIAM.
This case presents the comparatively rare instance of the granting of the criminal law's version of a "summary judgment" in favor of an accused.
Appellee De Jerinett was charged with manslaughter by culpable negligence in the shooting of one Debra L. McNeal. He filed a motion to dismiss pursuant to CrPR 3.190, 33 F.S.A., and attached as exhibits thereto three sworn statements he made to police officers shortly after the shooting. The mandate of Miranda was apparently satisfied in the giving of these statements, and appellee relies thereon in support of his motion to establish that no material fact remains to be tried and that, as a matter of law, it appears therefrom that he was not guilty of culpable negligence. The State did not traverse the matters set forth in appellee's sworn statements and the parties stipulated as to the identity of the deceased and as to the chain of custody of the gun, bullets, etc., involved in the shooting. The deposition of a doctor relating to the cause of death was also submitted. The trial judge, in a brief order granting the motion, apparently determined that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant... ."[1] We reverse.
In essence, the effect of the trial court's ruling is that, as a matter of law, *127 the undisputed facts appearing in De Jerinett's sworn statements conclusively show that he was innocent of culpable negligence. We disagree. We have carefully examined these statements and now determine that it cannot be said that a jury could not properly find culpable negligence. Indeed, resolving all inferences against De Jerinett as we must do in the present posture of this case, a jury could well find such negligence. It would serve no useful purpose at this time to detail the facts as recited in De Jerinett's statements since, if a full trial ensues, they will be recorded.
Accordingly the order dismissing the information herein should be, and it is hereby, reversed; and the cause is remanded for further proceedings.
MANN, C.J., and LILES and McNULTY, JJ., concur.
NOTES
[1] See, CrPR 3.190(c)(4).