299 So.2d 111 (1974)
STATE of Florida, Appellant,
v.
Verna WOOD, Appellee.
No. 73-1179.
District Court of Appeal of Florida, Fourth District.
August 16, 1974.
Rehearing Denied September 12, 1974.
Abbott M. Herring, State's Atty., and W.J. Heffernan, Jr., Asst. State's Atty., Sanford, for appellant.
Emmett A. Moran, Orlando, for appellee.
WALDEN, Judge.
Verna Wood was charged with perjury. She moved to dismiss the information. The trial court granted the motion. The *112 state appeals. We reverse with directions to reinstate the information.
Narrowly addressing ourselves to the dispositive issue contained in appellate Point I:
The Defendant's filing of a Motion to Dismiss pursuant to 3.190(c) (4) should be denied as a matter of law when the State in response files a Traverse pursuant to 3.190(d) wherein a material fact is denied under oath,
we notice that the defendant's motion to dismiss contained and vouched for this material fact allegation:
"That at no time did the State Attorney withdraw their agreement of immunity and pursuant to Florida Statutes 914.04 all testimony is inadmissible against Defendant on charge of perjury."
The proper traverse of the state denied the above allegation.
The clear and controlling language of Rule 3.190(d), F.R.Cr.P., is as follows:
"(d) Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters... . A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss." (Emphasis added.)
This rule mandates that the defendant's motion be denied. See generally State v. Giesy, 243 So.2d 635 (4th D.C.A.Fla. 1971).
We do not understand that the motion and traverse practice as contained in the mentioned rule authorizes a mini or preliminary trial upon the merits.
The issue is simply whether the indictment or information should be dismissed. It is decided as suggested by the rule by determining if a material fact in the motion is traversed by the state. Since it was here, the information should not have been dismissed.
We reverse and remand with respectful instructions to reinstate the information.
Reversed and remanded.
CROSS and MAGER, JJ., concur.