303 So.2d 675 (1974)
STATE of Florida, Appellant,
v.
Joseph McINTYRE, Appellee.
No. 74-332.
District Court of Appeal of Florida, Fourth District.
November 29, 1974.
*676 Philip S. Shailer, State Atty., and Jon H. Gutmacher, Asst. State Atty., Fort Lauderdale, for appellant.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, Fort Lauderdale, for appellee.
DOWNEY, Judge.
The state has appealed from an order dismissing an information charging appellee with attempted escape.
Appellee, as defendant below, filed a motion to dismiss the information pursuant to Rule 3.190(c)(4), CrPR, attaching thereto the depositions of several state witnesses. The appellant filed a traverse and upon consideration of the depositions the court dismissed the information.
One of the eye witnesses testified to facts from which a jury could find appellee guilty of attempted escape. It matters not that other witnesses or evidence may be at issue with that testimony. At this stage of the case, as in a motion for summary judgment in a civil case, if there is any evidence upon which a jury of reaonable men could find guilt, it is a jury question and the motion to dismiss must be denied. State v. De Jerinett, Fla.App. 1973, 283 So.2d 126.
Lest our silence be taken as approval of the procedure used by the appellee in relying upon said depositions to meet the requirement of the rule that the facts on which the motion is based should be specifically alleged, we address ourselves briefly thereto.
Rule 3.190(c)(4), CrPR, enables a defendant to terminate a prosecution by motion to dismiss when "there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." But the motion to dismiss must set forth the facts on which it is based, otherwise there is nothing for the state to traverse. Attaching a deposition is not the equivalent of "alleging facts" as the rule requires. Use of a deposition is appropriate in support of the facts alleged in the motion but is not a substitute for such allegations. Here, appellee's motion simply refers to the depositions as showing that no acts committed by appellee were in furtherance of an attempt to escape.
Since there is a jury issue presented as to the guilt of the appellee, the order dismissing Count II of the information is reversed and the cause is remanded for further proceedings.
Reversed.
WALDEN and MAGER, JJ., concur.