305 So.2d 833 (1974)
STATE of Florida, Appellant,
v.
Joseph B. KEMP, Appellee.
No. 74-809.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 22, 1975.
*834 Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
The State of Florida appeals an order of the trial court dismissing an information filed against the defendant charging him with aiding or assisting in conducting a lottery.
The defendant filed a motion to dismiss which was signed and sworn to by defendant's counsel, but not by the defendant himself. The motion alleged factual matters. The state filed a traverse to the motion stating in toto, "The State traverses to the Defendant's sworn Motion to Dismiss." Thereafter, testimony was taken. The state never objected to the motion being unsworn by the defendant.
On appeal, the state contends that once the traverse was filed, the trial court was without authority under the rule to dismiss the information.
We do not agree. Rule 3.190(d), CrPR, provides that a motion to dismiss shall be denied if the state files a traverse which denies under oath a material fact alleged in the motion to dismiss. The text of the traverse in the instant case, recited above, is devoid of any denial of any of the material facts alleged in the defendant's motion. The Rule also provides that factual matters alleged by the defendant in his motion to dismiss shall be deemed admitted unless specifically denied in the traverse. The mere act of filing a sworn document entitled "traverse" is insufficient under the Rule as a matter of law. Therefore, the allegations of the motion to dismiss are deemed admitted and the information was properly dismissed. Camp v. State, Fla. App. 1974, 293 So.2d 114. The question of suppression of evidence is rendered moot.
Therefore, for the reasons stated and upon the authorities cited, the dismissal of the information hereby is affirmed.
Affirmed.
BARKDULL, C.J., dissents.