341 So.2d 261 (1977)
Rosa Mae McKNIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-285.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Rehearing Denied January 26, 1977.
*262 Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, and Thomas G. Murray, Legal Intern, for appellee.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Rosa Mae McKnight was charged by information with manslaughter, tried by jury and found guilty of aggravated assault. The trial court adjudicated her guilty of aggravated assault and sentenced her to five years in the state penitentiary.
The facts of the case are uncontroverted. The evidence presented by the defendant herself was corroborated by the testimony of eye witnesses to the incident, and was supported by the evidence provided by other witnesses. The pertinent facts as reflected in the record and briefly stated herein, are that the defendant, Rosa Mae McKnight, had been living together with the victim, Harvey Lee Beckton, in her home for about six weeks. Beckton, whose nickname was "Tarzan," was a large strong man with a reputation in the community for violence.
On the night in question, Beckton went to a bar where the defendant was having a drink with a woman friend. He beat the defendant with his fists on and about her head, and threw her against the door of the bar. Later that evening, the defendant returned home and found Beckton there. He threatened to seriously beat her. She told Beckton not to "come up" on her, but he continued to approach her, uttering profanities. Defendant again told Beckton not to bother her, that he had already beaten her that night and that she did not want to be beaten again. He began running toward her, she told him to stay back but he kept coming. Defendant, scared and with no place to run, removed a pistol from her pocketbook and fired at Beckton, killing him.
The first question raised by the defendant on this appeal, is whether the trial court erred in denying the defendant's motion for judgment of acquittal at the close of all of the evidence where the evidence, as a matter of law, established that the defendant acted in self-defense, and where no evidence was presented in contravention of that theory.
As a general rule, when a defendant moves for a directed verdict of acquittal, he admits all facts in evidence adduced and every conclusion favorable to the State fairly and reasonably inferable therefrom; a motion for directed verdict of acquittal should be granted where it is apparent that no legally sufficient evidence has been submitted on which a jury could legally find a verdict of guilty. Brown v. State, 294 So.2d 128 (Fla.3rd DCA 1974); Garmise v. State, 311 So.2d 747, 749 (Fla.3rd DCA 1975). In our opinion, the court erred in failing to grant the motion for directed verdict of acquittal.
The theory of the defense at trial was that Rosa Mae McKnight acted in self-defense. In order to justify a homicide on the ground of self-defense, the situation must be such as to induce a reasonably prudent person that danger was imminent and that there was a real necessity for the taking of life. Darty v. State, 161 So.2d 864, 872-873 (Fla.2nd DCA 1964); Gil v. State, 266 So.2d 43 (Fla.3rd DCA 1972). One who seeks to excuse homicide on the ground of self-defense must show that the killing was necessary at the time and that he did all he reasonably could to avoid it. State v. Coles, 91 So.2d 200 (Fla. 1956).
*263 The uncontroverted evidence in the record of this case clearly demonstrates that defendant McKnight acted in self-defense. Therefore, we reverse the conviction and sentence.
In view of this holding, the remaining points on appeal need not be discussed.
Reversed.