346 So.2d 1044 (1977)
Spencer P. ELLIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. DD-127.
District Court of Appeal of Florida, First District.
May 27, 1977.
Rehearing Denied June 30, 1977.
*1045 Leo A. Thomas, Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., and Patti L. Englander, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant, having been charged by amended information with possession of heroin and possession of more than five grams of marijuana, moved to dismiss the amended information, pursuant to Fla.R. Crim.P. 3.190(c)(4), on the ground that the undisputed material issues of fact failed to establish a prima facie case. The State, in its traverse filed pursuant to Fla.R.Crim.P. 3.190(d), merely denied that the undisputed material facts did not establish a prima facie case. After a hearing, the trial court denied the motion to dismiss. Appellant thereupon entered a plea of nolo contendere to the charges, expressly reserving his right to appeal the denial of his motion to dismiss which is the sole issue with which we are concerned in this appeal.
Before delving into the facts of the case, we find it desirable to briefly discuss the nature and purpose of a 3.190(c)(4) proceeding. (We here address the procedural issue which did not appear, but was mentioned in footnote (1), in State v. Snowden, Fla.App., 345 So.2d 856, Opinion filed May 11, 1977.) In State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971), our sister court explained that the purpose of the rule was "to permit a pretrial determination of the law of the case where the facts are not in dispute, in a sense somewhat similar to summary judgment proceedings in civil cases (except that a dismissal under the rule is not a bar to a subsequent prosecution)." The proceeding is designed to create neither a trial by affidavit nor a dry run of a trial on the merits, nor is it supposed to serve as a "fishing expedition".
The question arises: Upon whom does the burden of proof fall under the rule? Initially, the defendant in his sworn motion must allege that the material facts of the case are undisputed, describe what the undisputed material facts are, and demonstrate that the undisputed facts fail to establish a prima facie case or that they establish a valid defense (either an affirmative defense or negation of an essential element of the charge). Obviously, if the undisputed facts as alleged in the motion to *1046 dismiss do not meet such burden then any response from the State would be superfluous, and the motion may be summarily denied. If, however, the allegations of the motion meet the above test, then the burden shifts to the State. If the State wishes to avoid the effect of the motion, then its traverse or demurrer, as described in Rule 3.190(d), must place a material issue of fact in dispute or establish that the undisputed facts do establish a prima facie case. In the former instance, denial by the State under oath in its traverse of a specific material fact alleged in the motion to dismiss requires automatic denial of the motion to dismiss. Conversely, those facts alleged in the motion to dismiss which are not specifically denied by the State are, for the purpose of the motion, deemed admitted. For the State's traverse to effectively deny a material fact alleged in the motion to dismiss, it need not be based in whole or in part on the personal knowledge of the state attorney who files it nor must it be buttressed by the affidavit of the victim or other witness. State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975). While the rule does not require the State to allege any facts which negate the factual matters set forth in the motion to dismiss, the State must nevertheless, when it purports to deny material facts, deny those facts with specificity. See State v. News-Press Pub. Co., 338 So.2d 1313, 1318 (Fla. 2d DCA 1976). When a motion to dismiss meets the criteria mentioned above and causes the burden of proof to shift to the State, then the State's failure to file a traverse will mandate granting the motion. Camp v. State, 293 So.2d 114 (Fla. 4th DCA 1974). It should go without saying that any denial by the State must be in good faith, and not be based upon speculation, conjecture, presumption nor assumption. It has been held, for example, that a traverse which merely states, "the State traverses to the defendant's sworn motion to dismiss" is insufficient under the rule as a matter of law. State v. Kemp, 305 So.2d 833 (Fla.3d DCA 1975).
Sub judice, the State's traverse did not deny that any material fact was undisputed, but merely denied that the undisputed material facts did not establish a prima facie case. Having failed to specifically deny the facts as alleged in the motion to dismiss, the State is deemed to have admitted those facts. The rule, however, is silent as to whether the State in its traverse must list those material facts, either disputed or undisputed, upon which it will rely at hearing on the motion and which were not contained in defendant's motion to dismiss. Although, in our view, the better practice would be for all such factual matters to be contained or alluded to in the State's traverse and that the State should not be permitted (absent an amendment to the traverse) to present evidence at the hearing on the motion to dismiss concerning facts which were not contained or alluded to within the motion to traverse, that problem does not arise in this case because apparently the State did not present evidence at the hearing held on defendant's motion. Accordingly, we reserve that determination until the issue is properly raised.
In its brief, the State misconceives the purpose of Rule 3.190(c)(4), arguing that appellant is seeking a premature trial on the merits in the guise of a motion to dismiss. The record does not so reflect. Appellant has merely alleged certain facts which he claims are undisputed and material. The State could have either denied any of the material facts in its traverse, or presented additional facts. The State's position, then, must stand or fall on the bare denial that the undisputed facts do not establish a prima facie case.
Turning to the facts of the case as revealed by the motion to dismiss, it appears that on March 25, 1976, Officers Cotton, Boswell, and Hughes executed a search warrant at 1121 Hope Street in Pensacola. Although appellant had lived at that address by himself since November of 1975, other individuals had been inside the premises and had stayed overnight on occasion during the weeks prior to the execution of the search warrant. Further, appellant occasionally stayed overnight at his mother's residence in Pensacola. At the time the search of his home was conducted, appellant *1047 was out of town. When the officers arrived to search the premises, there was no one there. As the warrant was being executed, Ernest Riggs, whom appellant had requested to take care of his dog while he was out of town, approached the house and was arrested. The police found numerous drugs in the kitchen of the home. Although appellant's fingerprints were found on a small mirror on the kitchen table, it could not be determined when the prints were made.
Under the rationale of the appellant, the State failed to establish a prima facie case because, under the undisputed facts, the essential element of possession, either actual or constructive, could not be found. By judicial interpretation, possession or control within the meaning of a drug statute means either actual physical possession with knowledge of same or constructive possession where the accused knows of the presence of the item on or about his premises and has the ability to maintain control over it. Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973). The State asserts that appellant's motion to dismiss is deficient because of his failure to deny that he was in actual or constructive possession of the drugs. Such reasoning is specious. Normally, it is up to the trier of facts to determine from the evidence whether the State has established either actual or constructive possession. Thus, where the material facts are undisputed, the trial court, in considering a defendant's motion to dismiss, must determine whether the undisputed facts raise a jury question as to the issue of possession in much the same manner as the judge evaluates a motion for directed verdict of acquittal made at trial.
Since the undisputed material facts in this case clearly show that appellant was not in actual possession of the drugs, the dispositive question is whether a jury could have concluded from the undisputed facts that the appellant was in constructive possession of the drugs, i.e., whether appellant knew of the presence of the drugs on or about his premises and had ability to maintain control over them. Under the circumstances of this case, it is clear that appellant was not in constructive possession. Although appellant was owner of the premises upon which the drugs were found, he was not at home at the time of the search, being out of town. Other persons had been in or about the premises over a period of time and the drugs were not found in a location which would have been within appellant's exclusive knowledge or under his exclusive control, but were discovered in the kitchen which was easily accessible to all persons entering the premises. Since the State under the undisputed facts did not establish possession which is an essential element of the crime charged, appellant's motion to dismiss should have been granted.
Accordingly, the cause is reversed and remanded with directions that the information filed against appellant be dismissed.
REVERSED AND REMANDED WITH DIRECTIONS.
RAWLS and McCORD, JJ., concur.