368 So.2d 119 (1979)
STATE of Florida, Appellant,
v.
Jonathan Chester HUGGINS, Appellee.
No. KK-487.
District Court of Appeal of Florida, First District.
March 9, 1979.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellant.
Robert Staats, Panama City, for appellee.
MILLS, Judge.
The State appeals from an order granting Huggins' motion to dismiss its information on the ground that the State did not respond with sufficient specificity. The State contends the trial court erred. We agree and reverse.
Although the State's traverse is not a model pleading; although there is no authority for the allegation, "has no knowledge"; nevertheless, the State did specifically deny under oath the material facts alleged in the unsworn motion to dismiss. Florida Rule of Criminal Procedure 3.190(d) provides that a motion to dismiss shall be denied if the State's traverse with specificity denies under oath the material facts alleged in the motion.
However, the Court's order dismissing the information is based on the State's failure to respond with sufficient specificity. Apparently the court was of the opinion that the State was required to disclose in its traverse the ultimate facts upon which it would rely at trial in order to withstand the motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). This is contrary to our holding in Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). We stated in Ellis that a proceeding pursuant to Rule 3.190 "is designed to create neither a trial by affidavit nor a dry run of a trial on the merits, nor is it supposed to serve as a `fishing expedition.'" As the Court stated in State v. Wood, 299 So.2d 111 (Fla. 4th DCA 1974), if a material fact in the motion is traversed by the State the information should not be dismissed.
*120 The trial court could have and should have denied Huggins' motion to dismiss for its failure to comply with Rule 3.190(c)(4). The motion was not sworn to by Huggins, did not allege that the material facts of the case were undisputed and did not demonstrate that undisputed facts failed to establish a prima facie case. We stated in Ellis v. State, supra:
"Initially, the defendant in his sworn motion must allege that the material facts of the case are undisputed, describe what the undisputed material facts are, and demonstrate that the undisputed facts fail to establish a prima facie case ... Obviously, if the undisputed facts as alleged in the motion to dismiss do not meet such burden then any response from the State would be superfluous, and the motion may be summarily denied."
The order appealed is reversed and this case is remanded to the trial court for trial.
McCORD, C.J., and MELVIN, J., concur.