376 So.2d 261 (1979)
The STATE of Florida, Appellant,
v.
James SMITH, Appellee.
No. 78-2072.
District Court of Appeal of Florida, Third District.
October 9, 1979.
Rehearing Denied November 26, 1979.
Janet Reno, State's Atty. and David Waksman, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Rory S. Stein, Asst. Public Defender and Robin Green (Legal Intern), for appellee.
Before HENDRY and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PER CURIAM.
The State of Florida takes this appeal from an order granting the defendant's sworn motion to dismiss an information charging him with second degree murder to which the state demurred.
The defendant was working in a cafe as cashier/manager. About 3:00 A.M. an intoxicated man came into the cafe and caused a disturbance, whereupon defendant asked him to leave. The deceased spoke up in the man's behalf and was also asked to leave. When defendant attempted to grab the man to eject him, the deceased pushed defendant into the juke box and they began struggling. Upon being separated by patrons, the deceased said to defendant, "You just wait, ... I'm going to kill you," and then ran out the door of the cafe to his truck which was parked about fifteen feet away. Defendant grabbed a gun from behind the counter and ran outside the cafe. One witness heard defendant asked the deceased if he had a gun but heard no response. Defendant stated that when he got to the truck, the deceased was going into his truck and that he believed he was going for a gun. At this point, defendant opened fire. A metallic wrench was found outside the cafe next to where the truck was *262 parked. The deceased drove his truck to a clinic, and while being assisted said, "Man, you know he shot me, but I'm wrong, you know, I'm wrong."
As a general rule, where, as here, the material facts are undisputed, the trial court in considering a motion to dismiss must determine whether the undisputed facts raise a jury question, in much the same manner as a judge evaluates a motion for acquittal made at trial. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). Thus, where, in the opinion of the trial judge the undisputed material facts do not legally constitute the crime charged, or affirmatively establish a valid defense, a motion to dismiss should be granted. Camp v. State, 293 So.2d 114 (Fla. 4th DCA 1974).
The state failed to specifically deny by traverse under oath the allegations that defendant believed the deceased was going for a gun, and this fact is considered admitted by the state. State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971). As manager of the cafe, defendant was not obligated to retreat from his place of business. See Annot., 41 A.L.R.3d 584 (1972). Self defense is a valid defense.
The record in this case clearly demonstrates that the appearance of danger was real to the defendant and that he believed the use of deadly force was necessary to protect himself. It is apparent that no legally sufficient evidence could have been submitted on which a jury could legally find a verdict of guilty. McKnight v. State, 341 So.2d 261 (Fla. 3d DCA 1977). Therefore, the court properly entered its order granting the motion to dismiss.
Affirmed.