375 So.2d 889 (1979)
The STATE of Florida, Appellant,
v.
David R. TORRES, Appellee.
No. 79-972.
District Court of Appeal of Florida, Third District.
October 16, 1979.
*890 Janet Reno, State's Atty., and Kurt L. Marmar, Asst. State's Atty., for appellant.
Emilia B. Diaz, Miami, for appellee.
Before HENDRY, BARKDULL and HUBBART, JJ.
HUBBART, Judge.
This is an appeal by the State of Florida from an order granting a motion to dismiss an information under Fla.R.Crim.P. 3.190(c)(4) entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. We have jurisdiction to entertain this appeal. § 924.07(1), Fla. Stat. (1977).
The state contends, and the defendant does not deny, that the motion to dismiss filed herein under Fla.R.Crim.P. 3.190(c)(4) was legally insufficient, that it did not require the filing of a traverse or demurrer from the state, and that it should have been summarily denied by the trial court. We agree and reverse.
The defendant was charged by information with carrying a concealed firearm [§ 790.01(2), Fla. Stat. (1977)]. The defendant filed a sworn motion to dismiss this information which states as follows:
"COMES NOW, DAVID REYES TORRES, by and through his undersigned attorney, and files this, his Sworn Motion to Dismiss, and alleges as follows:
1. That the arrest report dated December 23, 1978, contains a narrative of what the arresting officers observed on the day in question.
2. That said report does not state that the pistol in question was hidden from the ordinary sight of another person.
3. That said report unequivocally states that the arresting officer clearly saw the pistol in question, which was visible to the ordinary person since the Defendant's shirt was `unbuttoned.'
4. That at no point in said narrative does the arresting officer state that the pistol was `concealed,' `hidden' or `covered'; in fact, he states that it was immediately ascertainable to him.
5. That proof of concealment is an essential element of the crime of carrying a concealed firearm, and such element must be proven beyond a reasonable doubt.
6. That the Defendant, on December 23, 1978, resided in the building in which said arrest took place.
7. That the order to `halt' and the ensuing arrest took place a number of feet away from the Defendant's apartment door.
8. That the said area was in such immediate vecinity [sic] to constitute the `curtilage' area surrounding his home.
9. That subsection (3)(n) of Florida Statutes Section 790.25 specifically exempts a `person possessing arms at his home or place of business' from the prohibitions of Section 790.01... ..."
The arrest affidavit in the case was apparently attached to the motion to dismiss or was otherwise relied upon by the defendant in support of said motion. The state filed a traverse to this motion denying most of the allegations in the motion to dismiss and setting forth certain additional facts in the case. The trial court heard and granted the defendant's motion to dismiss. This appeal follows.
On its face, the motion to dismiss was legally insufficient and should have been summarily denied by the trial court. First, the motion fails to allege that the material facts of the case are undisputed. Secondly, the motion fails to describe what the material undisputed facts of the case are. Third, the motion fails to demonstrate that the undisputed material facts do not establish a prima facie case of guilt against the defendant or that such facts establish a valid defense (either an affirmative defense or a negation of an essential element of the charge.) All of the above are essential prerequisites to a legally sufficient motion to dismiss under Fla.R.Crim.P. 3.190(c)(4). State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). Moreover, relying *891 upon or attaching the arrest affidavit in this case as an adjunct to the motion to dismiss is not the equivalent of alleging the material undisputed facts of the case in the motion as required by the rule. Use of the arrest affidavit is appropriate in support of the facts alleged in the motion, but is not a substitute for such allegations. State v. McIntyre, 303 So.2d 675 (Fla. 4th DCA 1974). As such, the trial court erred in granting the motion to dismiss in this case.
The order under review is reversed and the cause is remanded to the trial court with directions to summarily deny the defendant's motion to dismiss. This reversal shall be without prejudice to the defendant to file a legally sufficient sworn motion to dismiss.
Reversed and remanded.