375 So.2d 887 (1979)
The STATE of Florida, Appellant,
v.
Richard J. SEDLMAYER, Appellee.
No. 79-580.
District Court of Appeal of Florida, Third District.
October 16, 1979.
Janet Reno, State's Atty., and Ira N. Loewy, Asst. State's Atty., for appellant.
Weiner, Robbins & Tunkey and William R. Tunkey, Miami, for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
HUBBART, Judge.
This is an appeal by the State of Florida from an order dismissing an information under Fla.R.Crim.P. 3.190(c)(4). We have jurisdiction to entertain this appeal. § 934.07(1), Fla. Stat. (1977). For the reasons which follow, we reverse and remand for further proceedings.
The facts of this case are as follows. The defendant Richard J. Sedlmayer was charged in a two count information with perjury in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant filed a sworn motion to dismiss this information, which motion states as follows:
"COMES NOW the Defendant, RICHARD J. SEDLMAYER, through counsel, pursuant to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America and pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) and petitions this Court to enter an Order dismissing the above-styled cause and discharging the Defendant therefrom and in support thereof, counsel alleges as follows:
1. The material and undisputed facts in this cause, taken in the light most favorable to the State of Florida, fail to establish, prima facie, the guilt of the Defendant.
2. The Defendant is charged by Information in this cause with two Counts of Perjury in violation of Florida Statute § 837.02.

*888 3. Each Count contained in the Information alleges essentially the same thing. That is, in Count I, at a bond hearing, the Defendant is alleged to have knowingly, willfully, and feloniously made a false statement which he did not believe to be true, to-wit: that he, the said RICHARD JOSEPH SEDLMAYER, had not been previously requested by the police to submit to the police his photograph and/or his fingerprints. In Count II of the Information, the Defendant is charged with making the same statement; however, the second Count alleges that the same statement was repeated at a subsequent deposition.
4. On neither occasion that the Defendant allegedly made his statement was the statement material to the official proceeding at which he gave said testimony.

5. Florida Statute, § 837.02(1) provides that a violation of this Statute is committed only if the statement is knowingly false and made in regard to any material matter.
6. Whether the Defendant was asked at a bond hearing or in a deposition by the police to voluntarily give his photograph and/or his fingerprints is not and was not a material issue in the case of State of Florida vs. Stephen William Beattie, Circuit Court Case No. 78-11313.

WHEREFORE, inasmuch as the material and undisputed facts of this cause fail to establish, prima facie, the guilt of the Defendant, undersigned counsel petitions this Court to enter an Order dismissing the above-styled cause and discharging the Defendant therefrom." [emphasis added]
The state filed a traverse to this motion specifically denying that the false statements made in both counts of the information were not material to the proceedings and affirmatively alleged that such statements were so material. The trial court heard and granted the motion to dismiss. This appeal follows.
The law of Florida is well-settled that a legally sufficient sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) must: (1) allege that the material facts of the case are undisputed, (2) describe what the undisputed material facts are, and (3) demonstrate that the undisputed material facts fail to establish a prima facie case of guilt against the defendant or that such facts establish a valid defense (either an affirmative defense or a negation of an essential element of the charge.) Ellis v. State, 346 So.2d 1044, 1045 (Fla. 1st DCA 1977). A motion to dismiss which fails to satisfy any of these three prerequisites is a legally insufficient motion to dismiss under Fla.R.Crim.P. 3.190(c)(4), and should be summarily denied by the trial court without regard to any traverse or demurrer which may be filed by the state. State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979).
In the instant case, the defendant's sworn motion to dismiss alleges at paragraphs four and six a mere legal conclusion that the false statements made by the defendant at the bond hearing and during a sworn deposition to the state attorney were not material to the official proceeding at which the defendant made such sworn statements. The motion fails to describe the undisputed facts upon which this legal conclusion rests, namely, what testimony was given at the bond hearing and at the sworn deposition before the state attorney which demonstrates that the statements made therein were not material to said proceedings. As such, the motion fails to satisfy the above second and third prerequisites for a legally sufficient sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) and should have been summarily denied.
Based on the established law of this state, we, accordingly, reverse the order of dismissal under review and remand the cause to the trial court with directions to summarily deny the defendant's motion to dismiss. This reversal shall be without prejudice to the defendant to file a legally sufficient sworn motion to dismiss.
Reversed and remanded.