PER CURIAM.
Appellee Benjamin Sanders was charged by information with sexual battery. Appel-lee filed a motion to dismiss on the ground that the alleged victim had testified on deposition that appellee had not successfully achieved penetration of her vagina. The state filed a traverse to the motion, admitting the allegations of the motion, but adding the additional fact that the victim would testify at trial that appellee had achieved penetration. The trial court granted the motion to dismiss. We reverse.
A motion to dismiss pursuant to Rule 3.190(c)(4) should not be granted when the state has placed material facts in issue through a traverse to the motion. See Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla.1977). The state admitted that the victim made one statement under oath denying penetration, but asserted that she would recant this statement at a later time. The traverse suffices to place a material fact in issue. The victim’s prior inconsistent statement does not prevent her from testifying at trial that her assailant achieved penetration; rather the prior inconsistent statement goes merely to the credibility of the witness. The prior statement may be used by appellee to impeach the witness, but it may not serve as a basis for excluding the victim’s testimony that penetration was achieved.
Inasmuch as the state’s traverse was sufficient to place a material fact in issue, the trial- court erred in granting the motion to dismiss. We REVERSE and REMAND for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and BOARD-MAN and OTT, JJ., concur.