384 So.2d 226 (1980)
Jan Anthony FOX, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1844.
District Court of Appeal of Florida, Third District.
May 27, 1980.
Rehearing Denied June 24, 1980.
*227 Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
BASKIN, Judge.
Defendant entered pleas of nolo contendere to charges of dealing in stolen property and grand theft second degree in each of two separate cases,[1] reserving his right to appeal denials of his motions to dismiss the informations. He contends the traverses[2] filed by the state are insufficient because they fail to deny material facts. He seeks a hearing on the merits on the motions to dismiss. We find his contentions to be correct and reverse.
The sworn motions allege facts detailing the taking of the items, identification of the items by the victims, the sale to the Miami Coin Exchange of Sheila Goodman's tea set, the seizure of Mr. Walker's gold diamond ring from defendant's person upon defendant's arrest, the statement by defendant that he purchased the silver tea set at a garage sale located at an unknown address, and that he purchased the gold diamond ring from David Lee, a Miami resident. In addition, the motions aver:
A necessary element of the crime of dealing in stolen property, pursuant to Ch. 812.019(1), F.S., is that the Defendant `knew or should have known' that the property was stolen.
A necessary element of the crime of grand theft in the second degree, pursuant to Ch. 812.014, F.S., is that the Defendant `knowingly' obtained or used or `knowingly' endeavored to obtain or use property of Ms. Goodman [or Mr. Walker], with the `intent to permanently deprive' Ms. Goodman [or Mr. Walker] of a right to said property.
In its traverses, the state "specifically denies the following factual matters . .":
1. On June 6, 1979, the defendant was arrested when he entered the Miami Coin Exchange.
2. A necessary element of the crime of grand theft in the second degree pursuant to Chapter 8, 12.014 [sic] Florida Statutes, is that the defendant knowingly obtained or used or knowingly endeavored to obtain or use the property of Ms. Goodman [or Mr. Walker] with the intent to permanently deprive Ms. Goodman [or Mr. Walker] of the right to said property.
Rule 3.190(d), Florida Rules of Criminal Procedure, permits the automatic denial of a motion to dismiss if the state files a traverse "which with specificity denies under oath the material fact or facts alleged in the motion to dismiss." See Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). The filing of a traverse which denies no material fact is insufficient as a matter of law. State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974).
The traverses filed by the state in this case deny conclusions of law but fail to *228 deny material facts.[3] The state argues that defendant's motions must demonstrate that the undisputed facts fail to establish a prima facie case. State v. Sedlmayer, 375 So.2d 887 (Fla. 3d DCA 1979); Ellis v. State, supra. The state argues also that defendant's guilt may be proven by circumstantial evidence. We find the sworn motions to dismiss set forth appropriate facts with specificity requiring the state to file a traverse which denies with specificity the material facts alleged in the motions. In the absence of such denial, the defendant is entitled to a hearing on the merits of the motions as a result of the filing of the demurrers. See Kassel v. State, 382 So.2d 1354 (Fla. 4th DCA 1980) (Op. filed on rehearing, April 30, 1980).
For these reasons, we reverse the decision of the trial court and remand this cause for further proceedings directing that the motions to dismiss be considered on their merits.
PEARSON, TILLMAN (Ret.), Associate Judge, dissents.
NOTES
[1] One case involved the taking of a silver tea set from the home of Sheila Goodman and its sale to the Miami Coin Exchange for $72.00. The other case involved a taking and sale of jewelry belonging to John Walker.
[2] The state filed demurrers in addition to the traverses.
[3] From the record, it appears the state's denial of paragraph one was predicated upon a clerical error in the date of the arrest contained in defendant's motions to dismiss. Under these circumstances, the state's denial was not a denial of a material fact.