390 So.2d 168 (1980)
Robert H. RITTER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1709/T4-698.
District Court of Appeal of Florida, Fifth District.
November 19, 1980.
*169 Robert J. Buonauro, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant, accused of burglary of a conveyance, filed a motion under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, alleging all the facts showing the commission of that crime and circumstances tending to identify him as the perpetrator. The State filed no written traverse (demurrer) but made an oral one at the hearing which was later written and filed. The trial court denied the motion. Appellant pled nolo contendere reserving the right to appeal that ruling.
Appellant argues that the oral traverse later written and filed does not comply with the rule procedure and that, therefore, his alleged facts are undisputed. Appellant contends that when facts alleged in the motion are untraversed they are deemed admitted and that if undisputed facts establish a valid defense a motion under the cited rule should be granted. He also contends that the State must prove identity at trial and that in a circumstantial evidence case the evidence must not only establish guilt but must be inconsistent with every reasonable hypothesis of innocence. We agree. Appellant then concludes that his motion should have been granted since his undisputed facts constitute a valid defense to the offense as they do not establish a prima facie case of guilt because they did not negative all hypotheses of innocence. It is in his conclusion that appellant's logic and argument fails. His undisputed facts do not constitute a valid defense nor do they negative an essential element within the meaning of those terms in cases such as Camp v. State, 293 So.2d 114, 115 (Fla. 4th DCA 1974). Appellant has merely set up facts which are, arguably, insufficient alone to sustain a conviction. Appellant's problem is that the State has not conceded, nor under this rule can it be made to concede, that the facts in the motion are the only facts the State will present at trial. As a procedural matter on a motion under this rule the accused must verify facts so inconsistent with his guilt that if untraversed their resulting acceptance as truth will establish his innocence. Most often such facts will establish a classic affirmative defense, such as self-defense, insanity, or entrapment, but can relate to any facts which are mutually exclusive to facts essential to the State's case, such as alibi, the accused's possessory right to property allegedly stolen, or may show the application *170 of an exception in a statute defining an offense.
The facts set forth in the accused's motion are consistent with his guilt and, therefore, need not to have been traversed because they are insufficient to justify a dismissal under this rule. The trial court's order denying appellant's motion is
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.