392 So.2d 1013 (1981)
STATE of Florida, Appellant,
v.
George Louis UPTON, Appellee.
No. 79-265.
District Court of Appeal of Florida, Fifth District.
January 28, 1981.
*1015 Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
ORFINGER, Judge.
The State appeals[1] the dismissal of an information pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. We reverse.
The appellee and a co-defendant had been charged with burglary of a structure and grand theft. The trial court dismissed the information because it concluded from the motion that the State's case was circumstantial and did not exclude every reasonable hypothesis of innocence. The State orally traversed the motion, and there was no objection to the form of the traverse.
The function of a "(c)(4)" motion to dismiss is to ascertain whether or not the facts which the State relies upon to constitute the crime charged, and on which it will offer evidence to prove it, do, as a matter of law, establish a prima facie case of guilt of the accused. State v. Davis, 243 So.2d 587 (Fla. 1971). Where the undisputed material facts do not legally constitute the crime charged, or they affirmatively establish a valid defense, a motion to dismiss should be granted. Where, however, the undisputed facts permit the conclusion that the defendant could be found guilty, the motion must be denied. State v. De Jerinett, 283 So.2d 126 (Fla.2d DCA), cert. denied 287 So.2d 689 (Fla. 1973).
Unlike the standard to be employed by a jury when it considers the evidence, on a "(c)(4)" motion all inferences are resolved against the defendant. De Jerinett, supra. Here, while much of the evidence is circumstantial, it cannot be said that the recited "facts" do not establish a prima facie case of guilt against the defendant. In considering such a motion, the trial court should not determine fact issues or consider the weight of conflicting evidence or the credibility of witnesses. State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980). If the State's evidence is all circumstantial, then whether it has carried its burden of excluding all reasonable hypotheses of innocence must be decided at the close of all the evidence. To withstand a motion to dismiss, the State need show only a prima facie case. State v. Cramer, 383 So.2d 254 (Fla.2d DCA 1980). See also Ritter v. State, 390 So.2d 168 (Fla. 5th DCA 1980). The State orally traversed the key allegation of defendant's motion, and there was no objection to the form of the traverse. Although the rule undoubtedly requires the traverse to be in writing, this requirement can be waived. Turner v. State, 388 So.2d 254 (Fla. 1st DCA 1980). The motion as filed did not require dismissal even in the absence of a traverse.
Although the foregoing is sufficient basis for our decision here, we must point to a further serious flaw in the motion. A motion to dismiss under Florida Rules of Criminal Procedure 3.190(c)(4) must specifically allege the facts on which the motion is based and the motion must be sworn to. The motion sub judice was a narrative of "facts" by the attorney and *1016 much of it consisted of a recitation of his interviews with witnesses and what he believed these witnesses would say. The attorney then swore that the motion was true "to the best of his knowledge." This does not satisfy the requirement of a "sworn motion" as required by the Rule.
To "swear" means to declare on oath the truth (of a pleading, etc.). Black's Law Dictionary, 5th Ed. (1979). This requires that the declarant state on oath that the fact alleged is true, to his knowledge, not that he believes it to be true because someone else has told him that it is. As the court said in State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979):
The trial court could have and should have denied Huggins' motion to dismiss for its failure to comply with Rule 3.190(c)(4). The motion was not sworn to by Huggins... .
Id. at 120. See also Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied 352 So.2d 175 (Fla. 1977), and State v. Kling, 335 So.2d 614 (Fla.2d DCA 1976). A motion to dismiss under this rule should be summarily denied when it is not sworn to by the defendant who, by taking the oath, thus subjects himself to the penalties of perjury if his recitation of "undisputed facts" is false.
The order dismissing the information is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Rule 9.140(c)(1)(A), Florida Rules of Appellate Procedure.