398 So.2d 500 (1981)
The STATE of Florida, Appellant,
v.
Samuel JOHNSON, Appellee.
No. 80-1903.
District Court of Appeal of Florida, Third District.
May 26, 1981.
*501 Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Stuart Gitlitz, Special Asst. Public Defender, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
The state appeals from an order of the trial court dismissing an information filed against the defendant which charged him with false imprisonment in violation of section 787.02, Florida Statutes (1979). We have jurisdiction to entertain this appeal. § 924.07(1), Fla. Stat. (1979).
The defendant filed a motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging that the material facts pertaining to the charges were undisputed, and that the undisputed facts did not amount to a prima facie case of guilt against him. In response, the state filed a sworn traverse specifically disputing the material allegations contained in the defendant's motion. Fox v. State, 384 So.2d 226 (Fla. 3d DCA 1980); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977).
Following a hearing on the matter, the trial court entered an order dismissing the information and this appeal ensued. We reverse.
Rule 3.190(d) provides, in relevant part:
A motion to dismiss under (c)(4) of this rule shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss. (emphasis added).
Under this rule, when the material facts alleged in the defendant's motion to dismiss are specifically denied by the state's sworn traverse, as in the instant case, the trial court has no discretion in the matter and must deny the motion. State v. Wright, 386 So.2d 583 (Fla. 4th DCA 1980); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980); State v. Power, 369 So.2d 96 (Fla. 2d DCA 1979); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979); State v. Cook, 354 So.2d 909 (Fla. 2d DCA), cert. dismissed, 359 So.2d 1212 (Fla. 1978); Ellis v. State, supra; State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975). In addition, viewing the allegations in the traverse most favorably to the state, State v. Davis, 243 So.2d 587 (Fla. 1971); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. De Jerinett, 283 So.2d 126 (Fla. 2d DCA), cert. denied, 287 So.2d 689 (Fla. 1973), we conclude that there exists evidence upon which a jury of reasonable men could find the defendant guilty of false imprisonment. The motion should therefore have been denied and the evidence presented to the jury for resolution. State v. McCray, 387 So.2d 559 (Fla. 2d DCA 1980); State v. Smith, 376 So.2d 261 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980); State v. McIntyre, 303 So.2d 675 (Fla. 4th DCA 1974).
Accordingly, the order appealed is reversed and the case remanded for further proceedings.
Reversed and remanded.