400 So.2d 162 (1981)
The STATE of Florida, Appellant,
v.
Clifford HOLDER, Appellee.
No. 80-1902.
District Court of Appeal of Florida, Third District.
June 23, 1981.
Jim Smith, Atty. Gen., and Theda R. James, Asst. Atty. Gen., for appellant.
*163 Bennett H. Brummer, Public Defender, and Michael Zelman, Asst. Public Defender, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
The state appeals the dismissal of an information charging the defendant with burglary and grand theft. We have jurisdiction.[1]
Pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure, the defendant filed a motion to dismiss the charges, which read as follows:
THE DEFENDANT, CLIFFORD HOLDER, by and through his undersigned attorney, moves this Honorable Court to dismiss the Information against the Defendant. As a basis for this motion, the Defendant alleges that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the Defendant.
The undisputed facts are as follows:
1. On July 2, 1980, Officer Stubllefield saw the Defendant in a walkway between two buildings with a box in his hands.
2. The officer yelled for him to halt and the Defendant left the scene.
3. The Defendant was stopped about half a block away by another officer.
4. The Defendant was placed under arrest for Burglary and Grand Theft.
5. There are no other undisputed facts.
WHEREFORE, the Defendant requests that this Honorable Court dismiss the Information against the Defendant.
The state moved to strike the motion on the basis that it was not made in good faith, not properly sworn to, and omitted substantial material facts. At a hearing on the motion and in a demurrer filed pursuant to Rule 3.190(d), the state proffered additional facts which allegedly established a prima facie case against the defendant. Specifically, the state showed that the defendant and two other men were observed in an alleyway carrying a box and a television set by police responding to a burglar alarm in a business located next to the alleyway. When ordered to halt, the men dropped the items and fled. The state also alleged that upon further investigation the police discovered a hole approximately four to five feet in diameter knocked in an outside wall of the business. The president of the firm then arrived on the scene, identified the merchandise, and confirmed that no one had given the three men permission to enter the premises or remove property. After the hearing, the defendant's motion was granted.
On this appeal, the state contends that the motion to dismiss was legally insufficient and should have been summarily denied by the trial court because it was not sworn to by the defendant, and failed to either demonstrate that the undisputed material facts did not amount to a prima facie case of guilt against the defendant or establish a valid defense. We agree and reverse.
Rule 3.190(c)(4) expressly requires that a motion to dismiss be sworn to, contemplating that the declarant aver upon oath that the facts alleged are true. The motion sub judice was not sworn to by the defendant himself, rather, the defendant's attorney swore that the facts therein were true "to the best of his knowledge." Clearly, the facts set forth in the motion could not possibly have been within the personal knowledge of the defendant's attorney unless he happened to have been on the scene of the alleged crime. In State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981), the court analyzed this requirement of Rule 3.190(c)(4) in a similar context and concluded that
[a] motion to dismiss under this rule should be summarily denied when it is not sworn to by the defendant who, by taking the oath, thus subjects himself to the penalties of the perjury if his recitation of "undisputed facts" is false.
*164 Id. at 1016 (emphasis supplied). See State v. Love, 143 Fla. 883, 197 So. 534 (1940); State v. Shull, 390 So.2d 1233 (Fla. 5th DCA 1980); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977); State v. Kling, 335 So.2d 614 (Fla. 2d DCA 1976). Accord State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974) (where this court affirmed the dismissal of an information after first observing that the motion was signed and sworn to by the defendant's attorney, but that the state had failed to object to the defect).
Rule 3.190(c)(4) also requires that the movant demonstrate that the undisputed facts do not establish a prima facie case of guilt or, alternatively, that they establish a valid defense to the charges. State v. Torres, 375 So.2d 889 (Fla. 3d DCA 1979); State v. Sedlmayer, 375 So.2d 887 (Fla. 3d DCA 1979); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979); Ellis v. State, supra. The defendant's bald assertion that "the undisputed facts do not establish a prima facie case of guilt" does not satisfy this requirement. See State v. Torres, supra; State v. Sedlmayer, supra.
Based on the defendant's failure to personally swear to the facts alleged and his failure to either refute a prima facie case of guilt or establish a valid defense to the charges, we conclude that the motion to dismiss should have been automatically denied by the trial court.
Even aside from the procedural shortcomings of the defendant's motion, however, we find that the state's demurrer sufficiently raised substantial material issues of fact not addressed in the defendant's motion which would constitute a prima facie case of guilt, thus necessitating the denial of the motion. State v. McCray, 387 So.2d 559 (Fla. 2d DCA 1980); State v. Smith, 376 So.2d 261 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980); State v. Hires, 372 So.2d 183 (Fla. 2d DCA 1979); State v. McIntyre, 303 So.2d 675 (Fla. 4th DCA 1974); State v. De Jerinett, 283 So.2d 126 (Fla. 2d DCA), cert. denied, 287 So.2d 689 (Fla. 1973).
For the reasons stated, and upon the authorities cited, the trial court's order is reversed and the case remanded for further proceedings.
Reversed and remanded.
NOTES
[1] § 924.07(1), Fla. Stat. (1979).