400 So.2d 1326 (1981)
STATE of Florida, Appellant,
v.
Brenda Ann WILLIAMS, Appellee.
No. 80-624.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
*1327 Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Asst. Public Defender, and Peter Birch, Legal Intern, West Palm Beach, for appellee.
HURLEY, Judge.
This appeal illustrates the interrelationship of two subsections of Rule 3.190, Fla.R. Crim.P.  subsection (c)(4) which allows a motion to dismiss and subsection (d) which authorizes a traverse or demurrer. Since the sworn traverse in the case at bar specifically denied a material fact in the defendant's motion, the trial court was obligated by the plain meaning of the rule to deny the motion. Its failure to do so requires us to reverse.
Brenda Ann Williams, charged with manslaughter in the death of Otis Nelson, filed a detailed motion to dismiss pursuant to Rule 3.190(c)(4), Fla.R.Crim.P. Ms. Williams admitted stabbing Mr. Nelson, but claimed the action was done in self-defense. She alleged that Nelson had consumed quantities of gin and beer, that he hit her in the head and knocked her to the floor, and that only after Nelson approached her with his arms and hands reaching toward the area of her neck so as to cause her to believe that he was going to choke or strangle her, did she resort to the knife. The State responded to these allegations with a sworn traverse as permitted by Rule 3.190(d), Fla.R.Crim.P. The State denied that "the Defendant picked up and used the knife for her own protection and that her actions were necessary to prevent imminent death or great bodily harm to herself." The trial court granted defendant's motion, holding that the undisputed facts "do not constitute the crime charged and/or do affirmatively establish a valid defense." We respectfully disagree.
Rule 3.190(d), Fla.R.Crim.P., provides in pertinent part:
A motion to dismiss under (c)(4) of this rule shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss. (Emphasis supplied.)
Furthermore, section 2.11(d) of the Florida Standard Jury Instructions in Criminal Cases (2d ed.), provides that:
[A person] is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or to prevent the imminent commission of a forcible felony, or when resisting any attempt to commit any felony upon or in any dwelling house in which he shall be.
See also O'Steen v. State, 92 Fla. 1062, 111 So. 725 (1927); McKnight v. State, 341 So.2d 261 (Fla. 3d DCA), cert. denied, 348 So.2d 953 (Fla. 1977); Bates v. State, 325 So.2d 449 (Fla. 1st DCA), cert. denied, 336 So.2d 1180 *1328 (Fla. 1976); Gil v. State, 266 So.2d 43 (Fla. 3d DCA), cert. denied, 271 So.2d 139 (Fla. 1972); but see Schneider, Equal Rights to Trial for Women: Sex Bias in the Law of Self Defense, 15 Harv.C.R.C.L.L.Rev. 623 (1980).
Applying this long-established principle of law to the case at bar, it is obvious that the facts denied by the state constitute the heart of Ms. Williams' justification for self-defense. Once placed in dispute, the court had no choice but to allow a jury to resolve the issue. See State v. Johnson, 398 So.2d 500 (Fla. 3d DCA 1981); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981); State v. Wright, 386 So.2d 583 (Fla. 4th DCA 1980); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980); State v. Cook, 354 So.2d 909 (Fla. 2d DCA), cert. dismissed, 359 So.2d 1212 (Fla. 1978); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla. 1977).
Accordingly, the order on appeal is reversed and the cause is remanded for further proceedings consistent with this opinion.
BERANEK and HERSEY, JJ., concur.