PER CURIAM.
■ This is an appeal by the state from an order entered by the trial court dismissing an information under Fla.R.Crim.P. 3.190(c)(4). We have jurisdiction to entertain this appeal. Art. V, § 4(b)(1), Fla. Const.; § 924.07(1), Fla.Stat. (1979).
Our review of the motion to dismiss filed herein reveals that it was legally insuffi- *255 dent under Fla.R.Crim.P. 3.190(c)(4), and, therefore, should have been summarily denied by the trial court without regard to the state’s traverse filed subsequent thereto. The motion fails to demonstrate, as required by the above rule, that the alleged undisputed material facts as set forth in the motion, “do not establish a prima facie case of guilt against the defendant.” Fla.R. Crim.P. 3.190(c)(4). Indeed, the defendant concedes as much on this appeal but urges us to disregard this insufficiency by looking to the state’s traverse for additional undisputed material facts to sustain the order under review. We reject the defendant’s invitation to do so as we have previously held that a legally insufficient motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) “should be summarily denied by the trial court without regard to any traverse or demurrer which may be filed by the state.” State v. Sedlmayer, 375 So.2d 887, 888 (Fla. 3d DCA 1979); see also State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979); Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla.1977).
The order under review is, accordingly, reversed and the cause remanded to the trial court with directions to reinstate the information against the defendant.
Reversed and remanded.