SCHWARTZ, Judge.
The defendant-appellee was charged with possession of a fire bomb in violation of Section 806.111, Florida Statutes (1979). The trial court granted her sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) and the state appeals. The order is manifestly erroneous and is reversed.
The motion stated only that the state would not call any expert witness at the trial who could testify that the object carried by Terrell was in fact a fire bomb. It did not even claim, much less demonstrate, that, as the rule requires, “the undisputed facts do not establish a prima facie case of guilt against the defendant.” The motion was therefore clearly insufficient and should have been summarily denied on its face. State v. Pena-Salazar, 405 So.2d 254 (Fla. 3d DCA 1981); State v. Sedlmayer, 375 So.2d 887 (Fla. 3d DCA 1979), and cases cited. Moreover, even the insufficient allegations of the motion were directly contradicted by the state’s traverse, which specifically stated that an appropriate expert witness was indeed available and would appear; Hence, the motion could not properly have been granted for this reason as well. State v. Johnson, 398 So.2d 500 (Fla. 3d DCA 1981), and cases cited; Fla.R.Crim.P. 3.190(d).
We had thought that our countless recent reversals of orders granting “(c)(4)” motions would have impressed — upon trial counsel and trial courts alike[1] — the very limited extent to which these motions are appropriate. Apparently that view was much too sanguine. Therefore we are once again required to and do reverse the order under review and remand the cause for reinstatement of the information and further consistent proceedings.
Reversed.

. We would have expected, also, appellate counsel to have recognized the requirements of our decisions and the rule, as they plainly apply *1216 to this case, by candidly confessing error before us.