ORFINGER, Judge.
The trial court dismissed the information charging the defendants with one count of trafficking in cocaine in violation of section 893.03(2)(a), Florida Statutes (1987). The State appeals and we reverse.
In the Florida Rule of Criminal Procedure 3.190(c)(4) motion, defendants asserted that at the time the Titusville Police Department executed the search warrant on their apartment three other persons, in addition to themselves, were inside. One of the three, Derick Cooke, had slept the previous night in a bedroom in the apartment. Twenty-eight grams of cocaine were found in a sock inside Cooke’s suitcase in the bedroom in which Cooke slept. The officers also found 10 pieces of crack cocaine in a jar, located in the crawl space above the defendants’ bedroom. The defendants alleged that the crawl space is contiguous to approximately 30 other apartments in the same building, and a person can go from one apartment to any other apartment in the building by going through the crawl space as there are no partitions in it. The motion to dismiss further stated “The Defendants were unaware of the fact that cocaine was contained in the belongings of said DERICK COOKE, who had been an overnight guest at the home of the Defendants and further were unaware of any cocaine located in the crawl space in their bedroom in said apartment.” The motion alleged that all persons in the apartment at the time of the execution of search warrant had access to the attic area as well as the bedroom area where the *576 cocaine was found and that the police who executed the warrant did not observe any specific conduct on the part of the defendants relating to the cocaine or reflecting possession or knowledge of it.
At the hearing on the motion, and without objection, the prosecutor orally traversed the motion[1] and advised the court that the State would show that underneath the defendants’ bed was a satchel containing approximately $2,000 to $2,500 in cash and that within that money were three serialized bills which had been used by a confidential informant during a controlled buy to purchase cocaine out of defendants’ apartment. The State argued that the existence of the serialized money underneath defendants’ bed plus the fact that the jar containing the crack cocaine was found in the crawl space immediately adjacent to the opening of the trap door located in defendants’ bedroom was sufficient evidence to make a prima facie showing that defendants possessed and had knowledge of the cocaine.
In State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981) we held that:
The function of a “(c)(4)” motion to dismiss is to ascertain whether or not the facts which the State relies upon to constitute the crime charged, and on which it will offer evidence to prove it, do, as a matter of law, establish a prima facie case of guilt of the accused. State v. Davis, 243 So.2d 587 (Fla.1971). Where the undisputed material facts do not legally constitute the crime charged, or they affirmatively establish a valid defense, a motion to dismiss should be granted. Where, however, the undisputed facts permit the conclusion that the defendant could be found guilty, the motion must be denied. State v. De Jerinett, 283 So.2d 126 (Fla.2d DCA), cert. denied, 287 So.2d 689 (Fla.1973).
******
[0]n a “(c)(4)” motion, all inferences are resolved against the defendant. [Citation omitted]. [Emphasis in original].
[[Image here]]
If the State’s evidence is all circumstantial, then whether it has carried its burden of excluding all reasonable hypotheses of innocence must be decided at the close of all the evidence. To withstand a motion to dismiss, the State need show only a prima facie case. [Citations omitted].
Id. at 1015.
“[A]s a procedural matter on a motion under this rule the accused must verify facts so inconsistent with his guilt that if untraversed their resulting acceptance as truth will establish his innocence.” Ritter v. State, 390 So.2d 168 (Fla. 5th DCA 1980). Sub judice even assuming the truth of the facts relied on by defendant, it appears a prima facie case against them has been made. The jury could find that defendants possessed and had knowledge of the cocaine found in the crawl space from its position immediately inside the trap door opening in their bedroom and the fact that bills used in prior drug buys were found under defendants’ bed.
Because the facts before the trial court established at least a prima facie case, it was error to dismiss the information.
REVERSED AND REMANDED.
COWART and DANIEL, JJ, concur.

. Although the trial court characterized defendants’ motion as "sworn," it was not in fact sworn to. It was signed by the defendants but not under oath before any officer qualified to administer an oath. Moreover, even had it been sworn to, it is stated as correct based on “information and belief," and such statement does not meet the requirements of the rule. State v. Rodriguez, 523 So.2d 1141 (Fla.1988); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). However, the State failed to object to the lack of an oath and we therefore deem this error waived. State v. Mayle, 406 So.2d 108, n. 3 (Fla. 5th DCA 1981). Also waived, for lack of objection in the trial court is the failure of the State to file a written, sworn traverse. State v. Upton, supra.