FRANK D. UPCHURCH, Jr., Judge.
The state appeals from an order dismissing the information charging Robert Alan Scarfo with grand theft. We reverse.
Scarfo was charged by information with second degree grand theft in violation of section 812.014, Florida Statutes. The information alleged that Scarfo had between the 8th and 20th day of July 1983, “pursuant to one scheme or course of conduct,” knowingly obtained or used over $100 in currency from the victim Sobina Linthicum. Scarfo moved to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) on the basis that there were no material disputed facts and that the undisputed facts did not constitute a prima facie case of guilt for grand theft. According to Scarfo, the undisputed facts were as follows:
a. That Defendant was a tenant in Sobi-na Linthicum’s home from the end of June through July 27, 1983.
b. That on July 9, 1983, the Defendant withdrew $75.00 from Sobina Linthi-cum’s bank account using her Automatic Teller Machine Card.
c. That on July 11, 1983, the Defendant withdrew $50.00 from the same bank account, with the same card.
d. That on July 17, 1983, the Defendant withdrew $60.00 from the same bank account, with the same card.
e. That on July 19, 1983, the Defendant withdrew $75.00 from the same bank account, with the same card.
f. That Sobina Linthicum’s testimony will be that she did not give the Defendant permission to take said card from her purse.
The trial court agreed with Scarfo that the undisputed facts demonstrated separate transactions which did not constitute one scheme or course of conduct. Accordingly, the court dismissed the information charging Scarfo with grand theft since the value taken at any one time did not exceed $100.00.
On appeal, the state contends that the trial court erred in dismissing the information. The state argues that under section 812.012(9)(c), Florida Statutes (1983), it was entitled to aggregate the amounts taken on the four days so as to exceed the $100 threshold for grand theft. Section 812.012(9)(c) provides as follows:
Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or from several persons, may be aggregated in determining the grade of the offense.
Scarfo concedes that this section permits aggregation where one scheme or course of conduct is shown. Thus, the only question is whether the trial court correctly determined that the undisputed facts did not constitute one scheme or course of conduct. When considering evidence on a motion filed pursuant to rule 3.190(c)(4), all inferences are resolved against the defendant. State v. Pettis, 397 So.2d 1150 (Fla. 5th DCA 1981); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). If the state’s evidence is all circumstantial, then whether it has carried its burden of excluding all rea *1349 sonable hypotheses of innocence must be decided at the close of all the evidence. To withstand a motion to dismiss, the state need show only a prima facie case. State v. Upton, 392 So.2d at 1015.
When viewed in this light, we find that the undisputed facts are sufficient to establish a prima facie case of “one scheme or course of conduct.” Scarfo made four withdrawals in the space of eleven days, all involving the same bank account, the same victim and the same method of using the victim’s automated teller card. Scarfo only withdrew small amounts of money, between $50 and $75, supporting a reasonable inference that he did not wish to alert the bank or the victim until he had depleted the entire account. Since the facts are sufficient to establish a prima facie case of “one scheme or course of conduct”, the state was entitled to aggregate the amounts taken.
Scarfo contends that because the thefts occurred on different days, they are four separate transactions which cannot be aggregated. In support, Scarfo cites Adjmi v. State, 154 So.2d 812 (Fla.1963), Hearn v. State, 55 So.2d 559 (Fla.1951), and Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937). These cases, however, were decided prior to the enactment of section 812.012(9)(c). The subsection itself refers to “separate properties” and “several persons” and “thefts” in the plural. Thus it appears that the legislature intended that there be only one offense for one scheme or course of conduct and that the grade of the offense depends on the total amount taken. Here, the state established a prima facie case of one scheme or course of conduct and the amount taken pursuant to that scheme or course of conduct was $260. Accordingly, the trial court erred in dismissing the information charging grand theft.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.