529 So.2d 356 (1988)
STATE of Florida, Appellant,
v.
Robert L. KAGAN, Appellee.
No. 87-3183.
District Court of Appeal of Florida, Fourth District.
August 10, 1988.
*357 Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellant.
Mark King Leban of Law Offices of Mark King Leban, P.A., Miami, and Lyons & Sanders, Chartered, Fort Lauderdale, for appellee.
PER CURIAM.
We reverse the trial court's dismissal of the information and remand. The sworn motion to dismiss, on its face, was insufficient to warrant dismissal, as it parroted what another said on deposition, and was not an unqualified recitation of facts within the defendant's personal knowledge serving to dispel the issue of his knowing there was cocaine in the vial found in his possession.
Moreover, the sanction of dismissal was too draconian even if the sworn motion had been sufficient. The motion was filed on October 29th, and the state's motion to strike and/or traverse, on November 23rd. The hearing was held the next day. While it is incumbent upon the state to file its traverse a reasonable time before the hearing as required by Florida Rule of Criminal Procedure 3.190(d), and there was an unsworn attempt to explain the delay, the defendant could have been given time to rebut whatever the state offered  not only the state's above pleading, but also the amended version tendered at the commencement of the hearing. Whether the decision on this point would be different had the sworn motion been sufficient presents a possibly fatal risk to prosecutors who file required pleadings belatedly without giving sworn, meritorious explanations.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.