PER CURIAM.
This is an appeal by the state from a trial court order dismissing an information under Fla.R.Crim.P. 3.190(c)(4). The information charged the defendant Rodney Knox with the crime of escape [§ 944.40, Fla. Stat. (1987)]. We affirm.
The sworn motion to dismiss together with the state’s traverse alleged without dispute that* after the defendant was arrested by a police officer and placed in the back seat of a police car which could not be unlocked from the inside, a white male subsequently came by, unlocked the police car, and authorized the defendant to leave; believing the white male to be a police officer, the defendant departed the area and was only later re-arrested. Contrary to the state’s central argument, we conclude that based on these undisputed facts the defendant was entitled to believe that the white male was, in fact, a police officer who was authorized to release the defendant, because only a person with apparent police authority could have unlocked the police car in which the defendant was confined. This being so, the state had no prima facie case of escape under section 944.40, Florida Statutes (1987), because the defendant, as a matter of law, had no criminal intent to escape from lawful confinement, Ramadanovic v. State, 480 So.2d 112 (Fla. 1st DCA 1985); Muro v. State, 445 So.2d 374 (Fla. 3d DCA 1984), and, accordingly, the motion to dismiss was properly granted below. Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla.1987); see McArthur v. State, 351 So.2d 972, 976 (Fla.1977); Paz v. State, 480 So.2d 701 (Fla. 3d DCA 1985).
We further reject the state’s procedural arguments. 1. The motion to dismiss did not, as in State v. Kagan, 529 So.2d 356 (Fla. 4th DCA), rev. denied, 537 So.2d 569 (Fla.1988), merely parrot the testimony of a witness’ deposition; it alleged its own material undisputed facts. 2. The filing of the state’s traverse did not require a denial of the motion to dismiss because it *128 did not specifically deny any fact alleged in the subject motion; to the contrary, the material facts presented to the trial court were entirely undisputed. See State v. Smulowitz, 482 So.2d 1388 (Fla. 3d DCA 1986), rev. dismissed, 486 So.2d 587 (Fla.1987); Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983); State v. Holliday, 431 So.2d 309 (Fla. 1st DCA 1983), approved, 465 So.2d 524 (Fla.1985).
Finally, we find no merit in «the remaining arguments of the state. The final order of dismissal under review is therefore in all respects
Affirmed.