616 So.2d 82 (1993)
The STATE of Florida, Appellant,
v.
Carlos BETANCOURT, Appellee.
No. 92-1340.
District Court of Appeal of Florida, Third District.
March 16, 1993.
*83 Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
NESBITT, Judge.
The state appeals an order dismissing an information based upon defendant's motion made pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). For the following reasons, we affirm.
Count I of the information in question charged Carlos Betancourt with abuse, neglect, or torture of an aged person, contrary to section 415.111(3), Florida Statutes (1991). Count II alleged the unlawful possession of a firearm while engaged in a criminal offense, contrary to section 790.07, Florida Statutes (1991). Simply put, the state claims that the trial court erred in the present case since the defendant did not personally execute the affidavit upon which the (c)(4) motion to dismiss was predicated.
We begin by observing that the rule just referred to only requires that "the motion [be] sworn to." The state cites to State v. Smith, 575 So.2d 314 (Fla. 2d DCA 1991) and State v. Upton, 392 So.2d 1013, 1016 (Fla. 5th DCA 1991) for the proposition that the defendant must be the affiant in a sworn motion to dismiss. However, we agree with the defendant's analysis that while that language is undoubtedly contained in the cases, the point was not dispositive in either, and therefore not of any precedential instance here. We further agree with the defendant's analysis that the purpose of the rule is to subject those having personal knowledge of the facts recited to the penalties of perjury. State v. Rodriguez, 523 So.2d 1141, 1142 (Fla. 1988); Upton, 392 So.2d at 1016. This objective is met even if the affiant is merely a witness to the incident rather than the defendant himself.
The present case affords an excellent reason why the rule wisely does not require the affidavit to be executed personally by the defendant. Here, the defendant had been adjudged mentally incompetent and committed to the Department of Rehabilitative Services. Therefore, any affidavit by him would have been incompetent. The defendant's father, who was also the victim and only other witness in this case, swore in an affidavit that his injuries were caused by an accident and not by the acts of his son. Although the father has rather obviously recanted his original accusation in an effort to protect his son, his sworn affidavit is his last indication of "what happened," and satisfies the rule. In the event it is determined that his recitation of "undisputed facts" is false, he may be subject to the penalties of perjury. Upton, 392 So.2d at 1316; Fla.R.Crim.P. 3.190(c)(4).
Having been given no reason either in the rule or by common sense to reverse, we find the trial court's granting of the motion and dismissal of the information was eminently correct.
Affirmed.