WARNER, J.
The defendant, Edwin Davis, filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), claiming that the court should dismiss the charge of grand theft filed against him. Davis asserted that the undisputed evidence showed that two separate thefts occurred, neither of which exceeded $300, the statutory amount for grand theft. The state filed a traverse in which it alleged that there were disputed issues of fact requiring determination by the jury. It also claimed that the motion was deficient for containing deposition testimony of the victim. We affirm because the state failed to make a prima facie case of grand theft. We also hold that the defendant’s inclusion of sworn deposition testimony in the motion was proper.
Edwin Davis was charged with a single count of grand theft between the dates of February 12th and 20th, 2001. Davis was a maintenance man at a condominium and apparently helped himself to monies in the victim’s residence. According to Davis, he committed one act of theft and the amount stolen was' less than $300. According to the victim, two thefts occurred, with approximately $150 taken the first time and about $190 taken the second time.
Davis attached the depositions of the investigating officer and the victim to the motion to dismiss. The motion was sworn to by Davis and recited the victim’s deposition testimony.
At the hearing on the motion, the state objected to its propriety because it included the deposition testimony of the victim, which was not within the personal knowledge' of Davis. The state also claimed that the evidence was disputed, because Davis admitted committing one theft, and it was for the jury to decide how much was stolen during that theft, i.e., whether the amount stolen amounted to $300 or more. The state did not argue that the two thefts to which the victim testified should be aggregated to reach the grand theft' minimum.
The trial court granted the motion, finding that the undisputed facts did not establish a prima facie case of guilt as to the charge of grand theft as alleged in the information. The state now appeals the order of dismissal.
In seeking reversal, the state relies most heavily on State v. Scarfo, 465 So.2d 1347 (Fla. 5th DCA 1985), for the proposition ■that several separate takings may be aggregated to constitute guilt of grand theft where they occur pursuant to one scheme or course of conduct. The information in Scarfo charged that “Scarfo had between the 8th and 20th day of July 1983, ‘pursuant to one scheme or course of conduct,’ knowingly obtained or used over $100 in currency from the victim ...” 465 So.2d at 1348 (emphasis added). When Scarfo moved to dismiss because the facts showed four separate thefts, the trial court agreed. However, the appellate court held that the separate thefts could be aggregated if they *1244 were committed pursuant to one scheme or course of conduct. Id. at 1349; see also § 812.012(9)(c), Fla. Stat. (2000).
In this case, the state did not charge Davis with a scheme or course of conduct to knowingly deprive the victim of his money, as the state did in Scarfo. Nor did the state make this argument to the trial court. Instead, it argued that there were disputed issues of fact because Davis testified that he had committed one theft of less than $300, and the victim testified that more than $300 was taken in two separate thefts. Therefore, according to the state, the amount that Davis stole on the one occasion he admitted was a disputed issue. We disagree. The undisputed evidence from both the victim and Davis was that, whether there was one theft or two, less than $300 was taken on each separate occasion. Absent an allegation in the charging document that both thefts occurred as part of the same scheme or course of conduct, the undisputed facts do not constitute a prima facie case of grand theft. Cf. State v. Diaz, 814 So.2d 466 (Fla. 3d DCA 2002) (holding that grand theft cannot be based on a continuing offense and denying state’s contention that submission of twenty-three invoices over a period of eleven months was part of common scheme or plan).
The state also suggests that the motion was legally deficient because it recited the victim’s deposition testimony, which could not be within the personal knowledge of Davis. It cites State v. Kagan, 529 So.2d 356, 357 (Fla. 4th DCA 1988), for the proposition that a motion to dismiss is insufficient where it “parrot[s] what another said on deposition, and [is] not an unqualified recitation of facts within the defendant’s personal knowledge ...” The state reads too much into this short opinion. Kagan did not announce a blanket ban of the use of deposition testimony to support a motion to dismiss. Instead, the evidence contained in that particular motion to dismiss was insufficient because the defendant did not recite facts within the defendant’s personal knowledge that would dispel the issue of the defendant’s own knowledge of contraband in his possession.
In this case, Davis swore to his own admission that he had taken less than $300 on one occasion. He also set forth the deposition testimony of the victim and investigating officer in his motion to dismiss, as well as attached copies of their depositions. As State v. Betancourt, 616 So.2d 82 (Fla. 3d DCA 1993), explains with respect to the use of other testimony to support a motion to dismiss, “[T]he purpose of the rule is to subject those having personal knowledge of the facts recited to the penalties of perjury. This objective is met even if the affiant is merely a witness to the incident rather than the defendant himself.” 616 So.2d at 83 (citations omitted). We see no impediment to using sworn deposition testimony to support a motion to dismiss. It may not be sufficient to dispel an issue of fact, but the motion is not insufficient for including such testimony.
Affirmed.
POLEN and GROSS, JJ., concur.