WARNER, J.
 

 In appealing his conviction for grand theft, the appellant raises multiple issues of error. Only three issues merit discussion. The appellant claims that he could not be convicted of the crime of grand theft in excess of $100,000 because the theft consisted of two separate transactions each of which was less than $100,000, and the information did not allege that they were part of a scheme or course of conduct. We hold that he waived the defect in the information by not raising it to the trial court. Second, he contends that the state did not prove an intent to steal, but we conclude that the state presented sufficient evidence to support a felonious intent. Finally, he maintains that the
 
 *1162
 
 court ordered restitution in excess of the victim’s loss. However, not only did he agree to the restitution amount, but the evidence did not show that the victim received excessive compensation. Therefore, there is no error. We affirm.
 

 The appellant, Sebastiano, convinced the victim, Sclafani, to purchase six lots in a subdivision for $90,000. Sebastiano’s company, Three Golden Holdings, together with Leo Cueto and Joan Rogers, owned lots in the subdivision. Sclafani wrote a check to Sebastiano for $90,000, and Se-bastiano told him that he would receive warranty deeds to the lots within two weeks. When the deeds did not arrive, Sebastiano gave Sclafani various excuses. Sebastiano then interested Sclafani in a seventh lot, for which Sclafani gave Se-bastiano a check for $37,000, with a notation of the lot and block number. He told Sclafani that the lot could be “flipped” for $75,000 immediately. Nine months later, and after multiple excuses, Sebastiano gave Sclafani seven quit-claim deeds to the lots, even though he had promised warranty deeds.
 

 Sclafani discovered that of the original six lots owned by Three Golden Holdings, five had been transferred to Cueto several days after Sclafani had given the $90,000 check to Sebastiano. However, Sebastiano received all of the money himself, Sclafa-ni’s check having been made out to Sebast-iano personally. Sclafani called Sebasti-ano, who promised to correct the situation, but he never did. Nearly a year after he had given Sebastiano the first check, Scla-fani contacted law enforcement which led to Sebastiano’s arrest for grand theft and organized fraud.
 

 As part of its case, the state showed that another individual actually owned the lot for which Sclafani paid $37,000. Sebasti-ano had tried to purchase the lot for $15,000 around the time that Sclafani gave him the check for the same lot. Sebasti-ano could not complete the purchase and a real estate friend of Sebastiano’s actually purchased the lot. Sebastiano did not own the lot when he transferred it to Sclafani.
 

 On the defense side, Leo Cueto, Sebasti-ano’s partner in the subdivision, testified. He and Sebastiano owned many lots together. The lots for which Sclafani paid $90,000 were transferred to Cueto to protect them from a potential judgment against Three Golden Holdings. He and Sebastiano agreed that they both continued to own 50% each of the lots, but from the recorded deeds it appeared that Cueto owned them.
 

 Sebastiano testified that he had found the subdivision lots which were owned by TransAmerica Corporation. He discovered that a judgment had been recorded against the lots but it would expire, if not renewed in September 2005. He purchased the lots from TransAmerica and the next day sold them to Sclafani. He intended to give Sclafani a quitclaim deed to the lots when the judgment expired, some eleven months later. As to the lot Sclafani purchased for $37,000, Sebastiano claimed that Sclafani had written down the wrong lot on the check. When he discovered the mistake, he tried to offer a corrective deed or a refund to Sclafani, but he refused.
 

 The trial judge heard the evidence in a non-jury trial. Based upon the evidence presented, he found Sebastiano guilty on both charges. At sentencing, Sebastiano agreed to a restitution of $133,101.69, which represented the $127,000 that Scla-fani paid plus his attorney’s fees. The court sentenced Sebastiano to fifteen years in prison on the organized fraud count and ten years of probation on the grand theft count. When the state suggested that sentencing on both charges could violate double jeopardy, the state chose to pro
 
 *1163
 
 ceed on the grand theft charge, and the court sentenced Sebastiano to fifteen years’ imprisonment followed by ten years’ probation.
 

 Sebastiano moved to mitigate his sentence shortly after sentencing. He also moved to correct an illegal sentence. As to mitigation, Sebastiano argued for a lesser sentence, because he had already paid the restitution in full. As to the illegal sentence, he argued that Sclafani had received one lot, for which Sebastiano should have been given credit on'restitution. At the hearing Sclafani agreed to transfer the lot back to Sebastiano. The trial court denied the motion to correct, concluding that Sebastiano had not shown the value of the lot such that it could be deducted from the restitution amount. However, the court did mitigate his sentence to ten years in prison followed by probation. Se-bastiano appeals.
 

 Sebastiano argues for the first time in his initial brief that the court could not adjudicate him guilty of grand theft of property in excess of $100,000, because the evidence at trial proved that the theft consisted of two separate transactions, neither of which exceeded $100,000. The state, on the other hand, notes that the conduct constituted a continuing “scheme or course of conduct,” as is evident from the trial court’s finding him guilty of organized fraud, which also requires an ongoing scheme. Sebastiano responds that the information did not charge a “scheme or course of conduct.”
 
 See State v. Davis,
 
 890 So.2d 1242 (Fla. 4th DCA 2005). We hold that the issue was not properly preserved, because it involves a technical defect in the information, which could have been corrected had it been properly raised at trial. Further, the evidence showed that Sebastiano engaged in a scheme or course of conduct in which he managed to take more than $100,000 from Sclafani.
 

 The theft statute provides in section 812.012(10)(c), Florida Statutes (2005), that the value of separate properties involved in thefts committed in “one scheme or course of conduct” may be aggregated in determining the grade of the offense. Sebasti-ano was charged with both organized fraud and grand theft. Count I, the organized fraud count, charged:
 

 Organized Fraud-$50,000 or More
 

 October 20, 2004 through August 17, 2005, James Sebastiano did engage in a systematic, ongoing course of conduct with intent to defraud one or more persons ....
 

 Count II, the first-degree grand theft count, charged:
 

 October 20, 2004, through August 17, 2005, James Sebastiano did unlawfully and knowingly obtain or use or endeavor to obtain or use the property of another, to wit: U.S. Currency, the property of Joseph Sclafani as owner or custodian, of the value of $100,000 or more.
 

 Sebastiano was charged and tried on both counts, and the trial court returned a guilty verdict on both, but later determined that Sebastiano could not be convicted of both because it would be a double jeopardy violation.
 
 Pizzo v. State,
 
 945 So.2d 1203 (Fla.2006) (double jeopardy precludes convictions for both grand theft and organized fraud based on the same conduct). Based on this, the trial judge adjudicated Sebastiano only on the grand theft count. At no point did Sebastiano move for judgment of acquittal or for dismissal of the information based upon the failure to include the term “scheme or course of conduct.”
 

 We consider this a pleading issue, and Sebastiano has waived this defect. Florida Rule of Criminal Procedure 3.190(c) provides:
 

 
 *1164
 
 Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds,
 
 every ground for a motion to
 
 dismiss
 
 that
 
 is
 
 not presented by a motion, to dismiss within the time herein-above provided shall be considered waived.
 

 (emphasis added). The evidence sufficiently showed a scheme or course of conduct permissible to aggregate the two transactions for purposes of the theft statute. The court found such a scheme by also finding Sebastiano guilty of organized fraud, which also required an ongoing course of conduct. Therefore, this is not a case where the evidence failed to prove the crime. It is merely a pleading defect, which was waived.
 

 State v. Davis,
 
 890 So.2d 1242 (Fla. 4th DCA 2005), is distinguishable because of its procedural posture. There, the defendant was charged with one count of grand theft in the third degree (which requires proof of an amount over $300) based on allegations that he took money from a tenant twice, but neither time amounted to $300. Davis filed a motion to dismiss on the ground that the undisputed evidence showed two separate thefts neither of which exceeded $300. The trial court granted dismissal. The state appealed, and we affirmed, finding that absent an allegation in the charging document that both thefts occurred as part of the same scheme or course of conduct, the undisputed facts did not constitute a prima facie case of grand theft.
 

 In this case, no motion to dismiss was made. Unlike
 
 Davis,
 
 the evidence in this case showed a course of conduct in Sebast-iano’s dealings with Sclafani sufficient to aggregate the two transactions. Under these facts, the defendant waived the defect in the information and cannot be heard to complain on appeal.
 

 Sebastiano argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove the intent element of grand theft. Under section 812.014, Florida Statutes (2005),
 
 [1]
 
 the state was required to prove that Sebastiano knowingly obtained or used, or endeavored to obtain or use, the property of Sclafani with the intent to, either temporarily or permanently, deprive Sclafani of the right to the property or the benefit of the property, or appropriate the property to his own use.
 

 “[Ijntent, being a state of mind, is rarely if ever susceptible of direct proof. Almost inevitably, as here, it must be shown solely by circumstantial evidence.”
 
 Grover v. State,
 
 581 So.2d 1379, 1380 (Fla. 4th DCA 1991). Intent is a question for the trier of fact to decide based upon all factual inferences.
 
 Method v. State,
 
 920 So.2d 141, 143 (Fla. 4th DCA 2006);
 
 Rosen v. State,
 
 940 So.2d 1155, 1160 (Fla. 5th DCA 2006). Often, circumstantial evidence is the only way to prove intent.
 
 Sewall v. State,
 
 783 So.2d 1171 (Fla. 5th DCA 2001).
 

 
 *1165
 
 The state offered evidence which was inconsistent with Sebastiano’s theory of innocence. The state is not required to conclusively rebut every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events.
 
 Parker v. State,
 
 795 So.2d 1096, 1099 (Fla. 4th DCA 2001). Once that threshold burden is met, it is the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
 
 State v. Law,
 
 559 So.2d 187, 189 (Fla.1989).
 

 There was sufficient evidence to show intent on Sebastiano’s part to deprive Scla-fani of his property, at the very least temporarily. Sclafani testified that Sebastiano had agreed to sell him six lots on which he would receive warranty deeds within two weeks. Three Golden Holdings had purchased those lots one day before by quitclaim deed, and Sebastiano knew that a judgment clouded their title — one that would not expire for almost another year. Sclafani wrote a check for $90,000 in the name of James Sebastiano, not Three Golden Holdings, even though the corporation purchased the property from Trans-America. Sebastiano’s felonious intent was clear on October 20, 2004, when he had no clear title to the TransAmerica lots to transfer to Sclafani. Additionally, rather than giving Sclafani the deeds and telling him to hold them until the Department of Professional Regulation’s judgment
 
 expired,
 
 Sebastiano instead transferred the title to the properties owned by Three Golden Holdings to Cueto, as trustee, in order to protect them from a judgment against his own corporation. Five of the six lots had been “moved” to Cueto, as trustee, seven days after Sclafani had given Sebastiano the check for $90,000, so the deeds given to Sclafani were worthless as to five of the properties.
 

 As to the other transaction, Sebastiano did not own, nor did he even have a contract on, the lot he “sold” to Sclafani for $37,000, again promising that Sclafani would receive a warranty deed shortly. Sebastiano knew he did not have the resources to purchase the lot. All this is circumstantial evidence that shows an intent to permanently or at least temporarily deprive Sclafani of his property. Although Sebastiano presented his own version of events, the foregoing facts are inconsistent with his contention that this was merely a business deal gone bad. The trial court did not believe his evidence.
 

 Finally, Sebastiano claims that the court .erred in refusing to deduct $15,000 from the amount of his restitution payment, because Sclafani actually received one lot. However, he stipulated to the amount of restitution. While Sclafani agreed to quitclaim the single lot to Se-bastiano’s holding company, Sebastiano refused to accept the deed unless Sclafani agreed to settle the civil action he had filed against Sebastiano.
 

 The trial court denied any correction of the restitution amount, because it determined that the evidence presented did not prove that the lot was worth $15,000. We agree that the total evidence presented both at trial and at the restitution hearing provides competent substantial evidence to uphold the trial court’s determination. Even assuming that the land was worth $15,000, Sclafani received only a quitclaim deed to the property, not the warranty deed he was promised. There is no evidence that he has clear title to the property and has an interest valued at $15,000. Given the fact that there was a judgment against the property when Sebastiano’s company purchased it, we cannot assume that Sclafani has clear title to the property at this point. We cannot say that the
 
 *1166
 
 restitution amount was in excess of the damages suffered by Sclafani. Moreover, Sclafani has an ongoing civil dispute with Sebastiano over the lots. The amount of any restitution may be set off against any civil recovery.
 
 See Kirby v. State,
 
 863 So.2d 238 (Fla.2003). Therefore, if Sebast-iano proves in that case the actual value of the lot to Sclafani, the amount can be set off against any civil recovery.
 

 Sebastiano’s brief raises eleven other issues arising from this non-jury trial. These remaining issues are meritless, harmless, or not properly preserved.
 

 Affirmed.
 

 STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Section 812.014 states:
 

 (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
 

 (a) Deprive die other person of a right to the property or a benefit from the property.
 

 (2)(a)l. If the property stolen is valued at $100,000 or more ... the offender commits grand theft in the first degree....