DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ILAN TIMIANSKI,**
Appellee.

No. 4D18-3409

[January 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, Judge; L.T. Case No. 18-1809CF10A.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellant.

Robert David Malove of The Law Office of Robert David Malove, P.A., Fort Lauderdale, for appellee.

GERBER, J.

The state appeals from the trial court's post-verdict order granting the defendant's motion for judgment of acquittal on the charge of grand theft of property valued at $300 or more, but less than $5,000. The state argues the trial court erred by applying the circumstantial evidence standard to the motion for judgment of acquittal. We agree with the state's argument. The state's evidence was not entirely circumstantial, so the circumstantial evidence standard did not apply to the motion for judgment of acquittal. We reverse and remand for the trial court to reinstate the guilty verdict and proceed with sentencing.

### *Procedural History*

The crime occurred at a hardware store, where an asset protection officer observed, and surveillance cameras recorded, the defendant's actions. The state's evidence was presented as follows.

The asset protection officer, while on routine patrol within the hardware store, saw the defendant use an employees-only ladder to retrieve a $379

drill kit from the employees-only top shelf located several feet above ground level. The $379 drill kit's packaging was nearly identical to the packaging for a same-brand $179 drill kit located at ground level. The defendant put the $379 drill kit in a shopping cart and starting walking towards the exit. The asset protection officer followed the defendant.

The asset protection officer saw the defendant walk past the sale registers and reach the exit. A security guard was posted at the exit to inspect receipts for items which customers were taking from the store. The defendant, rather than showing a paid receipt for the $379 drill kit to the security guard, showed the security guard a "Special Services Customer Invoice" for the similarly-packaged $179 drill kit. The invoice indicated the $179 drill kit had been sold to a remodeling business.

The asset protection officer, after witnessing the defendant's exchange with the security guard, intervened and asked the defendant to come to his office. The defendant complied. In the office, the defendant said that the remodeling business was one of his accounts with the hardware store.

The asset protection officer testified that the invoice which the defendant presented to the security guard is a document which a customer uses to pick up a prepaid item. The normal procedure is for the customer to bring the invoice to the customer service desk. A customer service employee retrieves the item and provides the customer with a receipt, which is required to exit the store with the item. The invoice cannot be used to exit the store with an item. The invoice contains a stamp in large visible print, stating, "NOT VALID FOR MERCHANDISE CARRY OUT," underneath which is a stamp with smaller but still visible print, stating:

FOR WILL CALL<br>
MERCHANDISE PICK-UP<br>
PROCEED TO WILL CALL OR<br>
SERVICE DESK AREA

Because the defendant knowingly endeavored to obtain the $379 drill kit by using the $179 drill kit invoice, the state charged the defendant with third degree grand theft under sections 812.014(1) and (2)(c)1., Florida Statutes (2017), which provide:

> (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

(a) Deprive the other person of a right to the property or a benefit from the property.

(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

. . . .

[(2)](c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:

1. Valued at $300 or more, but less than $5,000.

§ 812.014(1), (2)(c)1., Fla. Stat. (2017).

After the state presented the evidence described above, the state rested. The defense then raised its first motion for judgment of acquittal. Defense counsel argued, in pertinent part:

[A]s far as the element of knowledge, I would say . . . that all the evidence presented at this stage has shown that my client believed that he had a right to the property that he tried to take, that is was not knowingly and unlawfully. And that he did not do so with the intent to deprive [the hardware store] of their right to [the] property . . . Everything that's been presented has shown that my client was forthcoming to any [hardware store] employee that he was in front of. He didn't attempt to conceal anything. He was on a giant ladder that he's not supposed to be on, according to the [asset protection officer]. And he had not picked up the drill that he did pay for.

So, everything is consistent with him believing that he had a right to that property Your Honor. So, for that reason, I would ask for the Court to enter a judgment of acquittal.

The state responded, in pertinent part:

Looking at the light most favorably to the State. The State has proved a prima facie case starting with knowledge. It is clear that the defendant knew what he was doing, knew that he was taking the drill, which is apparent on the video. You see him going up this ladder, taking the drill and making no

3

attempt to pay for the wrong item that he took.  He didn't go back to will call.  He didn't go to customer service.  He proceeded to walk directly out of [the hardware store].  Even though, it says on [the invoice] that he needs to go to will call.

Defense counsel replied, in pertinent part:

> [The asset protection officer] testified that even some of [the [hardware store employees are confused about [the difference between a] receipt and . . . this [invoice] . . . .
>
> So, my client could have definitely be [sic] confused.  And . . . he walked into [the security guard] presenting these documents. . . .
>
> [The security guard] [c]ould have just told [the defendant], "Hey, you have to go to the desk."  And that would have been taken care of at the time.

The trial court denied the defendant's first motion for judgment of acquittal.

Defense counsel rested without presenting any evidence, and then raised a second motion for judgment of acquittal.  Defense counsel argued, in pertinent part:

> Just for the record, the evidence presented Judge, is circumstantial, as to intent.  And there needs to be evidence in a purely circumstantial case as to intent that goes against the defendant's theory of innocence.
>
> So, there is case law, Judge, and I have some here if the Court would like to see it.  That if the defense is [mistaken,] that he had a good faith belief that this item was his[, t]hat there would need to be some fact presented by the State inconsistent with that theory . . . at this time, and, Judge, I don't believe that for a second JOA the standard being whether reasonable minds could differ as to the guilt or innocence of the defendant.  I don't believe that reasonable minds could differ.  I believe that everything, as I mentioned earlier, has been consistent with his theory of mistake.

4

I don't believe anything other than the fact that he walked out or attempted to walk out with the [invoice] that [is] not inconsistent with the defense theory.

The trial court reserved ruling on the defendant's second motion for judgment of acquittal. The parties presented closing arguments, and the trial court instructed the jury. The jury, after twenty-seven minutes of deliberations, found the defendant guilty as charged.

Three days later, the trial court held a hearing to resume the discussion of the defendant's second motion for judgment of acquittal. Defense counsel argued, in pertinent part:

I just want to renew the Defense's second motion for judgment of acquittal based on the special standard of review that applies when a conviction is based on circumstantial evidence.

. . . .

And, Judge, in this case, our hypothesis of innocence was that it was a mistake. And it's our position that the State's evidence, while it could have been consistent with guilt . . . there was no fact that was inconsistent with the theory of defense being that it was a mistake. The testimony was that he paid for a [drill kit]; on that same day put it on will-call; that the item that he left with, or that he attempted to leave with, was a similar [drill kit]; that they were identical in packaging . . . that the defendant presented a will-call [invoice] showing he had paid the hundred and seventy-nine dollars to a [hardware store] employee at the exit; and that he took the item from the shelf out in the open, not trying to conceal; he didn't try to run out of the store. And, Judge, it's our position that all of that is consistent with it being a mistake and him believing that he was taking the item that he did pay for.

The state responded, in pertinent part:

Well, Judge, I had the opportunity to look at all the case law that defense counsel provided. From the case law, it is clear, two things. One, that intent and knowledge is a question for the jury and, two, that circumstantial evidence is more than enough to prove a larceny or grand theft.

5

. . . .

Here, the evidence is contradicted, Your Honor. I would say that there's . . . far more evidence that it was not a mistake, for multiple reasons. One, the [invoice] clearly indicates that it's not a receipt, yet the defendant was trying to pass it off as one. Two, the [invoice] that the defendant had didn't even have his name on it, yet he was trying to pass it off as his own. Three, he's on video making no attempts to talk to any store employee, stop at the . . . register, stop at the . . . customer service desk, even though it's clear on the [invoice] that he's passing off to be true, where it states on the bottom that all will-call items must be picked up from the customer service desk. . . . Four, he selects a drill all the way at the top of the shelf, going far out of his way, when the drill that he knew he purchased was at the bottom.

. . . .

And, lastly, Your Honor, he walks out with a different drill, not the one he paid for. Everything goes towards the defendant having knowledge. As far as him not knowing [the invoice] was not a receipt, even though he was trying to pass [the invoice] off as [a receipt] – Why? Because on the [invoice] that was introduced into evidence it clearly says . . . that it cannot be used as proof of purchase. . . . [A]s far as his knowledge as to where he needed to go to pick up a will-call item: [a]t no point after picking up the item did he ever go to the customer service desk. And . . . as far as a mistake . . . to the actual item, he picked up an item that's 200 dollars more, that, although it may appear similar . . . the packaging, it is completely different than what was on his [invoice] and what he purchased. He walked out with a better drill and a more expensive drill.

The trial court granted the defendant's second motion for judgment of acquittal, reasoning:

[I]t appears to me that the state of law is that in circumstantial evidence cases . . . the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. I don't believe in this case that it is inconsistent with every reasonable hypothesis of innocence. . . . Your theory of the case, [defense counsel],

6

was that it was a mistake. He didn't have a receipt; he had [an invoice]. . . . The [testimony was] the packages were identical between the 179-dollar drill . . . and the 379-dollar . . . drill. It appears to me that the motion should be granted.

### *This Appeal*

This appeal followed. The state argues the trial court erred by applying the circumstantial evidence standard to the defendant's second motion for judgment of acquittal. We agree with the state's argument.

In *Pagan v. State*, 830 So. 2d 792 (Fla. 2002), our supreme court set forth the standards of review for a motion for judgment of acquittal:

> In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. However, *if the State's evidence is wholly circumstantial, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant's reasonable hypothesis of innocence.*

*Id.* at 803 (emphasis added).

More recently, our supreme court, in *Knight v. State*, 186 So. 3d 1005, 1010 (Fla. 2016), has specified that "the circumstantial evidence standard of review applies only where all of the evidence of a defendant's guilt—i.e., the evidence tending to show that the defendant committed or participated in the crime—is circumstantial, *not where any particular element of a crime is demonstrated exclusively by circumstantial evidence.*" (emphasis added).

Our supreme court also has defined "direct evidence" and "circumstantial evidence" as follows: "Direct evidence is that to which the witness testifies of his own knowledge as to the facts at issue. Circumstantial evidence is proof of certain facts and circumstances from which the trier of fact may infer that the ultimate facts in dispute existed or did not exist." *Mosley v. State*, 46 So. 3d 510, 526 n.14 (Fla. 2009) (citation omitted).

7

Here, the trial court erred in applying the circumstantial evidence standard, because the state's evidence of guilt was not wholly circumstantial. Most of the state's evidence was direct, not circumstantial.

The state presented direct evidence in the form of the asset protection officer's observations, and the hardware store's surveillance recording, indicating that the defendant used an employee-only ladder to retrieve the $379 drill kit from a high shelf located several feet above ground level, rather than the $179 drill kit located at ground level. The defendant was also observed, and recorded, attempting to exit the store with the $379 drill kit by using the $179 drill kit's invoice sold to a remodeling business.

Direct evidence also exists in the form of the invoice itself, which contains a stamp in large visible print, stating, "NOT VALID FOR MERCHANDISE CARRY OUT," underneath which is a stamp with smaller but still visible print, stating:

FOR WILL CALL
MERCHANDISE PICK-UP
PROCEED TO WILL CALL OR
SERVICE DESK AREA

The only circumstantial evidence of guilt upon which the state relied was the reasonable inference, in the light most favorable to the state, that the defendant "knowingly" obtained the $379 drill kit by using the $179 drill kit's invoice. *See Sebastiano v. State,* 14 So. 3d 1160, 1164 (Fla. 4th DCA 2009) ("[I]ntent, being a state of mind, is rarely if ever susceptible of direct proof. Almost inevitably, as here, it must be shown solely by circumstantial evidence.") (citation omitted).

However, that one piece of circumstantial evidence does not make the rest of the state's evidence wholly circumstantial. Rather, the reasonable inference that the defendant knew he was attempting to exit the store with the $379 drill by using the $179 drill kit's invoice was merely the final piece of evidence which a reasonable juror had to add to the state's direct evidence to find the defendant guilty beyond a reasonable doubt.

If the trial court had applied the correct standard of review for a motion for judgment of acquittal, whether "after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt," *Pagan*, 830 So. 2d at 803, the trial court would have been obligated to deny the defendant's motion. A reasonable trier of fact could find the defendant intended to, either temporarily or permanently, deprive the hardware store

of the $379 drill kit, and appropriate the $379 drill kit to his own use, by showing the $179 drill kit's invoice to the security guard at the hardware store's exit.

Even if the state's evidence had been wholly circumstantial, the state was not required to "rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." *State v. Law*, 559 So. 2d 187, 189 (Fla. 1989) (internal footnote and quotation marks omitted). The state met that threshold burden by presenting evidence of the defendant using the employees-only ladder to retrieve the $379 drill kit from the employees-only top shelf, and then presenting the $179 drill kit's invoice which contained a stamp in large visible print, stating, "NOT VALID FOR MERCHANDISE CARRY OUT." That evidence was inconsistent with the defendant's theory that he simply made a mistake in showing the $179 drill kit's invoice to the security guard while trying to walk out of the store with the $379 drill kit.

Once the state met its threshold burden, it became "the jury's duty to determine whether the evidence [was] sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt." *Id.* The jury completed its duty by determining, after only twenty-seven minutes of deliberations, that the defendant was guilty as charged.

### *Conclusion*

Based on the foregoing, we reverse the trial court's order granting the defendant's second motion for acquittal. We remand for the trial court to reinstate the defendant's guilty verdict and proceed with sentencing.

*Reversed and remanded for proceedings consistent with this opinion.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

9